NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1477-15T3

MAIMOUNAT AKEGNAN,

 Plaintiff-Respondent,

v.

BENJAMIN FAGANS and FULTON
CONSTRUCTION & CARPETING, INC.,

 Defendants-Appellants,

and

JOYCE N. MOORE, JOHN KRILLA,
NEW JERSEY HOME FUNDING GROUP,
LLC,

 Defendants.
_________________________________

 Argued March 16, 2017 – Decided October 12, 2017

 Before Judges Suter and Guadagno.

 On appeal from the Superior Court of New
 Jersey, Law Division, Bergen County, Docket
 No. L-7201-13.

 Peter J. Koulikourdis argued the cause for
 appellants (Koulikourdis and Associates,
 attorneys; Joseph A. Takach, on the brief).

 Daniel S. Eichhorn argued the cause for
 respondents (Cullen and Dykman, LLP,
 attorneys; Mr. Eichhorn, on the brief).
 The opinion of the court was delivered by

SUTER, J.A.D.

 Defendants Benjamin Fagans and Fulton Construction &

Carpeting, Inc. (defendants) appeal the October 23, 2015 order

denying reconsideration of their unsuccessful motion to vacate a

default judgment entered against them in favor of plaintiff

Maimounat Akegnan (plaintiff) for $279,184. Because defendants

did not show any basis for reconsideration, there was no abuse of

discretion in denying the motion.

 We relate only the facts that are necessary. In 2013,

plaintiff filed suit against defendants arising from three real

estate transactions. Plaintiff alleged with respect to a first

property in New York, that she paid defendants $24,184.50. When

that real estate deal could not be completed, she alleged

defendants owed her these monies. Two other potential investment

properties were located in New Jersey. The first on Gloria Lane

in Monroe was to be plaintiff's for her personal use. She alleges

she paid defendants $91,000 for this property but when that

transaction was not finalized, defendants reimbursed her only a

portion of her investment, leaving a balance of $32,440. The

second property, on Spotswood Gravel Hill Road in Monroe, involved

an investment by plaintiff of $255,000. The seller of that

 2 A-1477-15T3
property terminated the transaction when defendants could not

obtain financing. Plaintiff contends defendants owe her these

funds. The complaint alleged causes of action against defendants

for fraud, negligent misrepresentation, unjust enrichment,

conversion, breach of fiduciary duty, breach of contract and good

faith and fair dealing, civil conspiracy and RICO.1

 Defendants did not file an answer and were defaulted.

Plaintiff's motion for the entry of a default judgment was granted

in April 2014, entering judgment in the amount noted.

 It was not until July 2015, that defendants filed a motion

to vacate the default judgment. Defendant Benjamin Fagans claimed

he did not recall being served with the complaint despite the

process server's return of service. He acknowledged learning

about the complaint and receiving it by regular mail. He then

started looking for documents to support his defenses, but being

unaware of the deadlines and having a need to retain a person to

translate some of the documents, did not file an answer.

 Judge Robert C. Wilson denied the motion to vacate on August

3, 2015. He found based on the proof of service and defendant's

actual knowledge of the complaint that defendant Benjamin Fagans

1
 Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A.
§§ 1961-1968.

 3 A-1477-15T3
was served with process both personally and as agent for Fulton

Construction & Carpeting, Inc. (Fulton). The judge concluded that

defendants were not entitled to relief under Rule 4:50-1(a), (b),

and (c), because the time for filing under those sections had

expired. Under subsection "f", the judge found no exceptional

circumstances or legal basis to vacate the judgment. See R. 4:50-

1(f). Defendants did not assert a meritorious defense but simply

denied "they took all the monies from plaintiff."

 Defendants filed a motion for reconsideration. The motion

included, without any certification, a purported contract between

plaintiff and defendants for the New York transaction and copies

of the front and back of a few checks written on Fulton check

stock. Defendants reiterated their prior arguments but added that

plaintiff did not pay what she was supposed to for two of the real

estate deals.

 On October 23, 2015, Judge Wilson denied reconsideration,

concluding that his earlier order of August 3, 2015 was "based on

correct reasoning" and that defendants did not "demonstrate[] good

cause to overturn" the previous order. The court noted "all

factual predicates, including exhibits" were available to

defendants when they requested to vacate the default judgment.

Defendants' motion was based on "events that allegedly occurred

 4 A-1477-15T3
from 2009 through 2012." The court previously considered

defendants' "asserted defenses" and determined they were not

meritorious. Defendants had not shown excusable neglect. There

was "evidence that [d]efendant [Benjamin] Fagans received notice

of the litigation, . . . was aware of the ongoing litigation, and

presumably received and reviewed the documents at issue in this

matter."

 Defendants appeal only the October 23, 2015 order denying

reconsideration. They contend the court erred because they

submitted additional documents, which showed defendants complied

with their obligations. All of defendants' other arguments on

appeal are directed to the August 3, 2015 order that denied their

request to vacate the default judgment. That order is not properly

before us. See W.H. Industries, Inc. v. Fundicao Balancins, Ltda,

397 N.J. Super. 455, 458 (App. Div. 2008) ("It is clear that it

is only the orders designated in the notice of appeal that are

subject to the appeal process and review."); Fusco v. Bd. of Educ.

of City of Newark, 349 N.J. Super. 455, 461-62 (App. Div.)

(reviewing only denial of the plaintiff's motion for

reconsideration and refusing to review the original grant of

summary judgment because that order was not designated in the

notice of appeal), certif. denied, 174 N.J. 544 (2002).

 5 A-1477-15T3
 "[A] trial court's reconsideration decision will be left

undisturbed unless it represents a clear abuse of discretion."

Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super.

378, 382 (App. Div. 2015). The grounds for reconsideration are

limited. State v. Puryear, 441 N.J. Super. 280, 294 (App. Div.

2015). Reconsideration is not appropriate merely because a

litigant is dissatisfied with a decision. D'Atria v. D'Atria, 242

N.J. Super. 392, 401 (Ch. Div. 1990). Reconsideration is

appropriate only where "1) the [c]ourt has expressed its decision

based upon a palpably incorrect or irrational basis, or 2) it is

obvious that the [c]ourt either did not consider, or failed to

appreciate the significance of probative, competent evidence."

Ibid. Reconsideration may also be granted where "a litigant wishes

to bring new or additional information to the [c]ourt’s attention

which it could not have provided on the first application." Ibid.

 We discern no abuse of discretion here. The trial court's

decision denying reconsideration was reasonably based on

consideration of all the evidence. Defendants were served with

the complaint, were aware of it, and failed to answer. Defendants

submitted nothing new to rebut this finding. Defendants attached,

without a certification, a purported contract for one of the

transactions, which confirmed rather than disputed that there was

 6 A-1477-15T3
some type of financial transaction between plaintiff and

defendants involving real estate in New York. That defendants may

have paid some money toward one of the transactions proves nothing

about their obligations, and more importantly, does not address

plaintiff's claim that defendants owed her money. The copies of

the checks were uncertified and lacking in explanation. The court

considered all the information before it and expressed its decision

cogently.

 If we were to consider the August 3, 2015 order that denied

defendants' motion to vacate the default judgment, our review

would conclude that Judge Wilson did not abuse his discretion in

denying defendants' motion to vacate. See In re Adoption of Child

of Indian Heritage, 111 N.J. 155, 184(1988) (observing that "a

motion for vacation of judgment is addressed to the sound

discretion of the trial court, whose resolution of the motion will

not be disturbed on appeal unless it results from a clear abuse

of discretion."). Defendants appear to limit their argument under

Rule 4:50-1 to subsection "f" providing relief for "any other

reason justifying relief from the operation of the judgment or

order." R. 4:50-1(f). Subsection "f" should be used "sparingly,"

First Morris Bank & Trust v. Roland Offset Serv., Inc., 357 N.J.

Super. 68, 71 (App. Div.), certif. denied, 176 N.J. 429 (2003),

 7 A-1477-15T3
and relief is available only when "truly exceptional circumstances

are present." Hous. Auth. of Morristown v. Little, 135 N.J. 274,

286 (1994).

 There were no exceptional circumstances raised here. The

excuse that time was needed to gather documents and to translate

them was not supported by any proof of the volume of the documents

or the time to translate them. Defendants' alleged meritorious

defenses were boilerplate without any substance for the court's

consideration. Although they contend now that plaintiff's proofs

were inadequate to show defendants breached these contracts or

that they intended to convert funds for their benefit, defendants

are raising these issues for the first time on appeal. We decline

to address what the trial court did not have the opportunity to

address. See State v. Galicia, 210 N.J. 364, 383 (2012) (observing

that "[g]enerally, an appellate court will not consider issues

. . . which were not raised below."). Defendants did not establish

there was excusable neglect, any meritorious defenses or a lack

of service.

 Affirmed.

 8 A-1477-15T3