**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2310-16T2

MILDALIA MADLINGER,

      Plaintiff-Respondent,

v.

NEW JERSEY TRANSIT CORPORATION,

      Defendant-Appellant.

_____

Argued October 2, 2017 — Decided October 30, 2017

Before Judges Messano, O'Connor, and Vernoia.

On appeal from an interlocutory order of the
Superior Court of New Jersey, Law Division,
Essex County, Docket No. L-4844-14.

Christopher J. Kelly, Deputy Attorney General,
argued the cause for appellant (Christopher
S. Porrino, Attorney General, attorney;
Melissa H. Raksa, Assistant Attorney General,
of counsel; Mr. Kelly, on the briefs).

Claudia A. Reis argued the cause for
respondent (Lenzo & Reis, LLC, attorneys; Ms.
Reis, of counsel and on the brief).

Dwyer & Barrett, LLC and Deutsch Atkins, PC,
attorneys for amicus curiae National
Employment Lawyers Association of New Jersey
(Andrew Dwyer, of counsel and on the brief;
Michael Malatino, on the brief).

PER CURIAM

We granted New Jersey Transit Corporation (NJT) leave to appeal two orders entered by the Law Division:  1) clarifying a prior order and compelling NJT to produce certain documents to plaintiff, Mildalia Madlinger (the Clarification Order); and 2) denying NJT's request that the judge enter a protective order or conduct an in camera review of the documents beforehand.  The orders arose in the following context.

Plaintiff's complaint alleges discrimination based on gender, ancestry and marital status under the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42, and retaliation under the LAD.  She claims that while working in the Marketing and Business Development Department (Marketing) of NJT's Communications and Customer Service Division since 2000, her supervisor and others had subjected her to harassing conduct and disparate treatment. Plaintiff served NJT with interrogatories and a request for production of eighty-seven specific categories of documents.

NJT's response to the document request included more than one thousand pages but also asserted objections to some requests, refusing to produce what it characterized as "confidential personnel records" and "confidential EEO records."  Plaintiff

filed a cross-motion[1] seeking to compel discovery as to specifically numbered document requests, including, among others, those falling into four broad categories: claims made of similar types of discrimination by other NJT Marketing employees since 2000; documents relating to a co-worker's discrimination complaint and plaintiff's participation in its investigation; personnel files of plaintiff's co-employees in Marketing; and plaintiff's supervisor's personnel files. On August 19, 2016, the judge entered an order compelling NJT to produce all documents to plaintiff within seven days.[2]

NJT moved for clarification of the August 2016 order and a protective order, asserting that most of the documents plaintiff sought in these specific requests required disclosure of "confidential" files, protected by regulation or Executive Orders. It argued that production was inappropriate unless and until the court conducted an in camera review. NJT's motion sought oral argument if opposition was filed.

In her opposition, plaintiff's counsel certified that although the parties engaged in discussions after entry of the

---

[1] It appears NJT's motion sought dismissal for violation of Rule 4:23-4, or in the alternative, to extend discovery.

[2] The cross-motion did not request oral argument and there apparently was none.

August order to expedite document production, NJT never advised it would seek a protective order or otherwise attempt to avoid production of the documents. She stated that NJT had not yet produced "any of the discovery it was compelled to produce in the August . . . order."

Apparently, without entertaining any oral arguments, the judge entered the two orders under review. In denying NJT's motion for a protective order or in camera review regarding EEO and personnel files, the judge wrote on the order:

> Any and all documents requested in Plaintiff's original motion to Compel Discovery must be produced within twenty . . . days of the date of this Order as Plaintiff has already met their [sic] burden of showing that the requested material is relevant and not for an illegitimate purpose. See Dixon v. Rutgers, 110 N.J. 432 (1988).

NJT argues compelling disclosure of the confidential EEO and personnel files contained in paragraphs 2, 3, 4, 8, 9, 10 and 11 of the Clarification Order without in camera review is contrary to precedent and public policy, and plaintiff has yet to establish a particularized need for the documents or their relevancy.[3] Plaintiff argues that in the absence of any asserted privilege,

_____

[3] We deal with only those paragraphs of the order because they are the only ones cited in NJT's brief. "An issue not briefed is deemed waived." W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 459 (App. Div. 2008).

courts are not required to engage in a time-consuming in camera review of documents, particularly since these documents are clearly relevant to her claims. She contends the judge appropriately exercised her discretion by compelling NJT to produce the documents without any court review or protective order. Amicus Curiae National Employment Lawyers Association asserts the sought-after documents are of the type generally discoverable in discrimination suits, employers bear the burden of demonstrating the documents are confidential and must be shielded from discovery, and an in camera review is not mandatory in every case prior to production.

We have considered the arguments of the parties. We reverse and remand for further proceedings consistent with this opinion.

We "defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Capital Health Sys. v. Horizon Healthcare Servs., 230 N.J. 73, 79-80 (2017) (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). Courts "find[] an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

We begin by acknowledging that our "discovery rules are to be construed liberally in favor of broad pretrial discovery." Payton v. N.J. Tpk. Auth., 148 N.J. 524, 535 (1997). Rule 4:10-2(a) permits discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." "The relevance standard does not refer only to matters which would necessarily be admissible into evidence, but includes information reasonably calculated to lead to admissible evidence respecting the cause of action or its defense." R.L. v. Voytac, 402 N.J. Super. 392, 408 (App. Div. 2008) (citing Pfenninger v. Hunterdon Cent. Reg'l High Sch., 167 N.J. 230, 237 (2001)). The relevancy standard utilized by the Rule is "congruent with relevancy pursuant to N.J.R.E. 401, namely, a tendency in reason to prove or disprove any fact of consequence." Ibid. (citing Payton, supra, 148 N.J. at 535).

Without question, complaints of discrimination made by other employees against an employer are relevant on a number of fronts. Connolly v. Burger King Corp., 306 N.J. Super. 344, 347-49 (App. Div. 1997). Nevertheless, discovery of such material "must be implemented by the trial court with some sensitivity to issues of privacy, confidentiality and privilege," and "the trial court must determine the appropriate time period from which the material must

be produced," and, if the information is voluminous, "utilize other techniques to manage the flow of material." Id. at 349-50.

In Payton, supra, 148 N.J. at 541, the Court reiterated that "confidentiality is an important component of any policy designed to maximize reporting of alleged sexual harassment and to ensure the accuracy of ensuing investigations into such allegations." But, it refused to adopt "a blanket privilege arising from legitimate general concerns for confidentiality." Id. at 542. Instead, the Court "recognize[d] a conditional privilege that applies selectively depending on the nature of the materials involved." Ibid. "[R]egarding confidentiality, the balance weighs in favor of disclosure with appropriate procedures to ensure justified confidentiality in light of plaintiff's paramount interest in obtaining relevant materials." Id. at 544.

The Court recognized the judge's role was critical to the proper application of this conditional privilege:

> [T]he trial court may supervise discovery of the relevant internal investigatory materials and require procedures that protect the confidentiality of those involved in the investigation if a loss of confidentiality would otherwise undermine the efficacy of investigations. Such procedures, short of suppression, may include redaction, issuance of confidentiality or gag orders, and sealing of portions of the record.
>
> [Id. at 542.]

In providing instructions on remand, the <u>Payton</u> court made clear that the judge should assume the discoverability of any documents relevant to the plaintiff's claims, and "then should provide [the] defendant with the opportunity to make particularized assertions of privilege or confidentiality regarding <u>specific</u> documents." <u>Id.</u> at 559-60 (emphasis in original).

We disagree with plaintiff's assertion that the judge's orders are entitled to the highly deferential standard of review routinely given to the trial court's management of discovery matters. Here, the judge's order reflects only that she concluded plaintiff had demonstrated the relevancy of the documents requested; she failed to consider the assertions of confidentiality made by NJT. In so doing, the judge applied the wrong standard.

Additionally, the judge abdicated her authority and obligation to control discovery, which would have permitted her to give careful consideration to these recognized competing interests. In fairness, NJT failed to supply the judge with "particularized assertions of . . . confidentiality regarding <u>specific</u> documents." <u>Ibid.</u> We were advised at oral argument that NJT offered to provide redacted and unredacted versions of the documents for the judge's in camera review, but that assertion is not borne out by anything in the record.

Our analysis applies in equal force to production of the personnel files, which are the subjects of paragraphs 9, 10 and 11 of the Clarification Order. Clearly, some of the material in those records would be relevant to plaintiff's claim of disparate treatment in salary and advancement. Material in her supervisor's personnel file may be relevant to show NJT's response to other claims of discrimination, if any, made against the supervisor. We were advised at oral argument that NJT already provided certain information to plaintiff from the personnel files, such as salaries, educational background, etc., but, again, there is no independent verification of that in the record.

Paragraph 8 of the Clarification Order compels production of documents "pertaining to discipline or 'scolding' of employees in . . . Marketing . . . for their conduct, behavior or attire from January 1, 2000 to the present." NJT specifically argues that any such information would be irrelevant to plaintiff's claims of discrimination. However, plaintiff specifically alleges in her complaint that she was "scolded" for her attire by her supervisor. Theoretically, whether plaintiff was singled out for such treatment could be relevant to her claim, and we reject NJT's claim that she must further demonstrate particularized need or relevancy.

A-2310-16T2

In sum, we reverse paragraphs 2, 3, 4, 8, 9, 10 and 11 of the Clarification Order, vacate the order denying NJT's request for a protective order and in camera review, and remand to the court for further proceedings that provide NJT with an opportunity to assert particularized objections as to specific documents before production, and for the judge to assess those objections in camera. We defer to the judge's discretion as to how this is best accomplished, as well as any other proceedings that necessarily manage all discovery so as to consider the competing interests of discoverability and confidentiality detailed by the Court in Payton.

Reversed in part; vacated in part; remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2310-16T2