**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3291-16T2

THE RIDGE CONDOMINIUM
ASSOCIATION,

    Plaintiff-Respondent,

v.

LORI BUCCOLO,

    Defendant-Appellant.

_____

Submitted May 15, 2018 — Decided June 14, 2018

Before Judges Hoffman and Mayer.

On appeal from Superior Court of New Jersey,
Chancery Division, Somerset County, Docket No.
F-024062-15.

William J. Jeffrey, attorney for appellant.

Griffin Alexander, PC, attorneys for
respondent (David L. Dockery, on the brief).

PER CURIAM

Defendant Lori Buccolo appeals from a March 3, 2017[1] Chancery Division order denying her motion to vacate default judgment. The matter stems from defendant's failure to pay condominium fees and attorneys' fees owed to plaintiff, The Ridge Condominium Association. We affirm.

I

In September 2014, plaintiff filed a complaint against defendant for failure to pay common expenses and attorneys' fees. The parties settled that suit, which resulted in the entry of a money judgment in favor of plaintiff; however, defendant defaulted on the settlement terms. Eventually, plaintiff received payment of most of the judgment via wage garnishment.

In April 2016, plaintiff filed a foreclosure complaint against defendant alleging she failed to pay maintenance fees, special assessment fees, late fees, fines, and counsel fees. Defendant filed an answer and counterclaim, alleging plaintiff

---

[1] Although defendant's brief asserts she appeals from the court's August 5, 2016 order granting plaintiff's motion for summary judgment, her amended notice of appeal fails to include this order. Moreover, defendant's case information statement, which directed her to give the date and summary of judgment, order, or decision being appealed and attach a copy, lists only the March 3, 2017 order denying her motion to vacate default judgment. Accordingly, we decline to address defendant's arguments regarding the summary judgment motion. See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008) ("It is clear that it is only the orders designated in the notice of appeal that are subject to the appeal process and review.").

committed breach of contract by failing to repair and maintain her condominium unit in violation of the master deed and condominium association's by-laws, as well as asserting plaintiff's pleadings were frivolous.

Subsequently, plaintiff filed a motion for summary judgment, and on August 5, 2016, the court granted that motion and struck defendant's answer and counterclaims as non-contesting. However, the court denied plaintiff's motion for an entry of final judgment, and instead directed plaintiff to file its motion with the Office of Foreclosure. Defendant filed a motion for reconsideration, which the court denied.

On November 7, 2016, plaintiff filed a motion requesting the entry of a final judgment of foreclosure. Defendant failed to oppose the motion. According to plaintiff, the Office of Foreclosure granted its motion, and defendant does not contest that assertion. Defendant then filed a "motion to vacate default and for leave to file an amended answer." On March 3, 2017, the trial court denied the motion, finding "neither excusable neglect nor a meritorious defense is present." This appeal followed.

II

On appeal, defendant argues the trial court impermissibly granted summary judgment even though there exist disputed issues of material fact. She further argues that, in granting summary

3                                                                    A-3291-16T2

judgment, the court erroneously relied upon an improper certification. Specifically, she asserts David L. Dockery, an attorney with the law firm representing plaintiff, certified to facts absent personal knowledge, thereby committing fraud upon the court.

Rule 4:50-1 sets forth the standard for vacating a default judgment, and provides that a default judgment may be set aside due to, among other things, "mistake, inadvertence, surprise, or excusable neglect . . . or newly discovered evidence . . . ." Our Supreme Court has explained that the rule is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Mancini v. EDS, 132 N.J. 330, 334 (1993)). Moreover, it held, "The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Ibid. (citation omitted). We find an abuse of discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Because the record fails to demonstrate excusable neglect or a meritorious defense, the trial judge did not abuse her discretion in denying defendant's motion to vacate the judgment entered against her. Although defendant argues a genuine dispute of material facts precludes summary judgment, we again note she failed to appeal from the order granting summary judgment, but rather appealed from the court's order denying her motion to vacate default judgment. Accordingly, as previously noted, we decline to address her arguments regarding the summary judgment motion.

The "new" evidence defendant presented in support of her motion to vacate the default judgment was available and in her possession when plaintiff's summary judgment motion and defendant's reconsideration motion were pending. Moreover, the trial judge concluded that if defendant "is entitled to set offs for sums paid or collected," such evidence bears relevance only to the issues of when and whether the court should consider the judgment satisfied.

Additionally, we note defendant's arguments regarding the Dockery certification provide no basis for granting defendant relief. The court granted plaintiff's summary judgment motion based upon the certification of plaintiff's property manager, Adam McCallum, not the Dockery certification. The trial court properly relied upon McCallum's certification as it clearly states he is

familiar with the action and "testifying as to [his] personal knowledge . . . ." See N.J.R.E. 901; R. 1:6-6. Accordingly, defendant's unsupported argument that Dockery committed fraud upon the court lacks persuasion, particularly in light of the certification's lack of bearing on the trial court's ultimate disposition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3291-16T2