937 A.2d 1022 (2008)
397 N.J. Super. 455
W.H. INDUSTRIES, INC., Plaintiff-Appellant
v.
FUNDICAO BALANCINS, LTDA, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 2007.
Decided January 10, 2008.
*1023 Fred J. Pisani, Tenafly, argued the cause for appellant (Ramp & Pisani, LLP, attorneys; Mr. Pisani, on the brief).
Donald J. Hayden (Baker & McKenzie, LLP) of the Florida bar, admitted pro hac *1024 vice, Miami, FL, argued the cause for respondent (Lum, Drasco & Positan, LLC, attorneys; Paul A. Sandars, III, Roseland, on the brief).
Before Judges COBURN, FUENTES and CHAMBERS.
The opinion of the court was delivered by
COBURN, P.J.A.D.
In April 2005, plaintiff, W.H. Industries, Inc., a corporation located in New Jersey, sued defendant, Fundicao Balancins, Ltda, a company located in Brazil, in the Law Division, Bergen County. The complaint alleged breach of contract. In August 2005, defendant filed a motion to dismiss the New Jersey complaint for lack of jurisdiction based on improper service of process, lack of personal jurisdiction, forum non conveniens, and comity. In the same month, defendant filed its own breach of contract complaint against plaintiff in Brazil. Plaintiff counterclaimed in Brazil. The actions in New Jersey and Brazil concern the same contract and the same set of facts. Plaintiff did not seek a stay of the action in Brazil, which we were advised at argument is at the discovery stage. In plaintiffs' appellate brief, it acknowledges that "both parties have submitted voluminous documents in support of their claims" and that a "settlement conference will be held in the coming months" in Brazil.
After plaintiff obtained proper service of process, defendant's motion for dismissal of the New Jersey complaint based on lack of personal jurisdiction, forum non conveniens and comity was renewed, and then argued and decided in favor of defendant on November 17, 2006, on which date the order was also entered. Plaintiffs moved for reconsideration, which was denied by an order dated February 20, 2007.
Plaintiff's notice of appeal states that it is appealing from the latter order. It is clear that it is only the orders designated in the notice of appeal that are subject to the appeal process and review. Sikes v. Township of Rockaway, 269 N.J.Super. 463, 465-66, 635 A.2d 1004 (App.Div.), aff'd o.b., 138 N.J. 41, 648 A.2d 482 (1994). Therefore, plaintiff is not entitled to review of the earlier order. Nonetheless, since the orders resolved all issues as to all parties, the appeal, at least from the order denying reconsideration, was as of right. Yuhas v. Mudge, 129 N.J.Super. 207, 209, 322 A.2d 824 (App. Div.1974); S.N. Golden Estates, Inc. v. Continental Cas. Co., 317 N.J.Super. 82, 87, 721 A.2d 307 (App.Div.1998) (citations omitted). Although we are not required to do so, we will address the propriety of the earlier order, particularly since defendant has not argued against our ruling on its validity.
The trial judge's decision on the jurisdictional issues recites that "[a]s the parties are fully familiar with the underlying facts of this matter, this Court will not expound upon those facts herein." That statement is contrary to Rule 1:7-4(a), which requires that "[t]he court shall . . . find the facts . . . on every motion decided by a written order that is appealable as of right. . . ."
Although either party could have moved for a temporary remand to the trial judge for the purpose of having him make the necessary findings of fact, R. 2:9-1(a), neither pursued that path. Of course, we have the authority to so order without a request, ibid., but we will not follow that path in the circumstances of this case.
Plaintiff's appendix contains no documents submitted for the November 17, 2006, hearing. Rather, its appendix includes the documents submitted for the reconsideration hearing. As the judge properly found, none of that material was *1025 based on newly discovered evidence and all of it could have been provided in opposition to the motion returnable on November 17.
The judge's refusal to consider those materials was clearly appropriate. See, e.g., Cummings v. Bahr, 295 N.J.Super. 374, 384, 685 A.2d 60 (App.Div.1996) (citations omitted). Defendant's appellate brief argues in support of that ruling, but plaintiff fails to address the issue in its appellate briefs. An issue not briefed is deemed waived. In re Freshwater Wetlands Permit, 379 N.J.Super. 331, 334 n. 1, 878 A.2d 22 (App.Div.2005). Thus, based on the procedural rule and on the merits, we affirm the trial judge's order denying reconsideration of plaintiff's belated certifications.
Defendant has included a certification submitted to the judge before the November 17 hearing. In the certification, defendant's president stated in detail that his company's only contact with New Jersey was its dealings with plaintiff. He stated that plaintiff came to defendant in Brazil, that plaintiff sent purchase orders to Brazil, that defendant made the parts in Brazil, and that plaintiff "always took possession of [the] parts in Brazil." If there were other facts before the judge, they do not appear in this record, and, of course, our consideration is generally limited to the record on appeal, namely the appendices and transcripts. State v. Harvey, 151 N.J. 117, 201-02, 699 A.2d 596 (1997).
Plaintiff does not contend that the concept of general jurisdiction applies here. Rather, it relies solely on the principles relating to specific jurisdiction arising out of the contractual relationship. See, e.g., Lebel v. Everglades Marina, Inc., 115 N.J. 317, 322, 558 A.2d 1252 (1989).
In Citibank, N.A. v. Estate of Simpson, 290 N.J.Super. 519, 533, 676 A.2d 172 (App.Div.1996) (citations omitted), we observed that "lack of jurisdiction is an affirmative defense and that ordinarily the party relying on the defense has the burden of establishing it." But we then held that "it is the party asserting the adequacy of defendant's contacts to support specific jurisdiction who bears the burden of persuasion on that issue." Ibid. (citations omitted). We further noted that once the defendant has shown "no territorial presence in this state," which is the situation in the instant case, "the burden shifts" to plaintiff, "who must then demonstrate [defendant's] amenability, nonetheless, to an exercise of in personam jurisdiction based on minimum contacts." Ibid.
Perhaps because of the manner in which plaintiff responded to the trial court on defendant's dismissal motion, but definitely because of plaintiff's failure to include in the appeal record any facts it may have submitted in opposition to defendant's motion, we have no basis on which to rule that plaintiff met its burden of proving minimum contacts.
If we considered the certifications submitted by plaintiff on its motion for reconsideration, and if we further accepted the proposition that they established the requisite minimum contacts for the exercise of jurisdiction by a New Jersey court, we would affirm nevertheless on the grounds of international comity, the subject to which we now turn.
Comity is not "a binding obligation on the forum state, but a courtesy voluntarily extended to another [jurisdiction]. . . ." City of Philadelphia v. Austin, 86 N.J. 55, 64, 429 A.2d 568 (1981) (citation omitted). Thus, "[c]omity persuades; but it does not command." Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 488, 20 S.Ct. 708, 710, 44 L.Ed. 856, 858 (1900). It is applied to achieve "uniformity of decision" *1026 and to discourage "repeated litigation of the same question." Ibid.
Plaintiff argues that the critical fact in this case is that it filed its New Jersey action first. But in Fantony v. Fantony, 21 N.J. 525, 533, 122 A.2d 593 (1956) (emphasis added), the Court said that the "general principle [is] that the court which first acquires jurisdiction of an issue has precedence. . . ." The Court also noted that "special equities" may provide justification for not applying the general principle. Ibid. Thus, for example, in Gosschalk v. Gosschalk, 48 N.J.Super. 566, 579-80, 138 A.2d 774 (App.Div.), aff'd, 28 N.J. 73, 145 A.2d 327 (1958), we declined to stay a New Jersey divorce action filed by the husband although the wife had a prior-filed divorce action pending in the Netherlands.
In general, the moving party, defendant in this case, has the initial burden of proving that
(1) there is a first-filed action in another state [or country]; (2) both cases involve the same parties, the same claims and the same legal issues; and (3) the plaintiff will have the opportunity for adequate relief in the prior jurisdiction.
[Exxon Research & Eng'g Co. v. Indus. Risk Insurers, 341 N.J.Super. 489, 506, 775 A.2d 601 (App.Div.2001) (citing Am. Home Prods. v. Adriatic Ins. Co., 286 N.J.Super. 24, 37, 668 A.2d 67 (App.Div. 1995)).]
The burden thereafter falls on the opponent of the motion "to demonstrate that `special equities' exist that are sufficiently compelling to permit the action to proceed." Ibid. (citing Am. Home Prods., supra, 286 N.J.Super. at 37, 668 A.2d 67).
The only thing defendant failed to prove was that the action in Brazil was filed first, but as we have noted that is not necessarily determinative. Significantly, in Exxon Research, supra, we observed that "the relative progress of the foreign action" has been "identified as a prime consideration by the federal courts." 341 N.J.Super. at 509, 775 A.2d 601. We also observed that
in Caspian Inv. Ltd. v. Vicom Holdings Ltd., 770 F.Supp. 880, 885 (S.D.N.Y. 1991), the court dismissed a breach of contract action . . . in deference to a first-filed Irish action, because the actions were virtually identical, the parent company had agreed to submit to the jurisdiction of the Irish court, the Irish action had proceeded beyond an initial stage, and there was no indication that the parties would be prejudiced or treated unfairly if the entire dispute was resolved in the Irish court.
[Id. at 508-09, 775 A.2d 601.]
In the instant case, plaintiff submitted to the jurisdiction of the court in Brazil without moving for dismissal or stay based on the action in New Jersey. Plaintiff concedes that the issues raised by the complaint and its counterclaim in Brazil are the same as the issues raised in New Jersey. Plaintiff further concedes that both sides have submitted voluminous documents to the court in Brazil in support of their respective claims, that discovery has been ongoing, and that a settlement conference has been scheduled. Additionally, plaintiff has not provided anything to suggest that it cannot obtain a full measure of justice in Brazil, and defendant has provided certifications supporting plaintiff's ability to obtain a fair trial.
Given those circumstances, considered in light of the decisions cited above, and with particular weight on plaintiff's complete failure to resist the action in Brazil on the grounds of international comity, we are satisfied that dismissal of the New Jersey action, which was appropriately without *1027 prejudice, id. at 518-19, 775 A.2d 601, was fully justified.
Affirmed.