**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1489-15T4

GDBT 1 TRUST 2011-1,

    Plaintiff-Respondent,

v.

DENARD C. TRAPP,

    Defendant-Appellant.

_____

            Submitted May 25, 2017 - Decided July 3, 2017

            Before Judges O'Connor and Mawla.

            On appeal from Superior Court of New Jersey,
            Chancery Division, Monmouth County, Docket No.
            F-11243-13.

            Denard C. Trapp, appellant pro se.

            Parker McCay P.A., attorneys for respondent
            (Gene Mariano, of counsel; Stacy L. Moore,
            Jr., on the brief).

PER CURIAM

    Defendant Denard C. Trapp appeals from a writ of possession

entered on November 2, 2015, following entry of a final judgment

of foreclosure on September 22, 2014, in favor of plaintiff GDBT

Trust 2011-1. Defendant's appeal is without merit and out of time. For the reasons stated herein, the appeal is dismissed.

The following facts are found in the record. Defendant is the owner of a residential property located in Tinton Falls. On November 30, 2006, he executed a note with FGC Commercial Mortgage Finance, DBA Fremont Mortgage for the sum of $420,000. Defendant executed a mortgage with Mortgage Electronic Registration Systems, Inc., as nominee for FGC Commercial Mortgage Finance, DBA Fremont Mortgage, which served as security for repayment of the debt. The mortgage was recorded on December 21, 2006, and subsequently assigned on August 11, 2008, to Southstar III, LLC. Southstar III, LLC assigned the mortgage to SRP 2010-6, LLC on March 18, 2011, which assigned the mortgage to Goshen Mortgage, LLC on July 18, 2012. The mortgage was then assigned to plaintiff on March 13, 2013. All assignments were duly recorded, including the assignment to plaintiff, which was recorded on April 4, 2013.

On March 1, 2012, defendant defaulted on the note and since has made no payments. A notice of intent to foreclose was sent to defendant by SRP 2010-6, LLC on April 24, 2012. After the final assignment, plaintiff recorded the mortgage, and filed a foreclosure complaint on April 5, 2013. Defendant filed an answer on June 5, 2013. Plaintiff moved for summary judgment on October

3, 2013. The trial judge deemed the motion unopposed because defendant's cross-motion was not timely.

On November 21, 2013, the trial court granted summary judgment in plaintiff's favor and struck defendant's answer with prejudice. Thereafter, on April 30, 2014, defendant filed a complaint in federal court to "quiet title." The District Court dismissed defendant's complaint, denied his motion for reconsideration, and the Third Circuit Court of Appeals affirmed the dismissal.

On September 22, 2014, a final judgment of foreclosure was entered in the amount of $386,301.73. The property was subsequently sold at Sheriff's sale on June 8, 2015. The court issued a writ of possession on November 2, 2015. On December 28, 2015, defendant filed a notice of appeal, which he later amended. Defendant twice sought to stay removal, which this court denied. The Supreme Court also denied a request to stay his removal. Defendant was removed from the property on April 13, 2016.

Although defendant has appealed from the writ of possession, he attacks the final judgment of foreclosure. Specifically, he challenges plaintiff's standing to file a foreclosure because plaintiff is not licensed or registered to do business in New Jersey; thus he claims plaintiff is not permitted to utilize the New Jersey courts. Also, defendant asserts plaintiff committed fraud upon the court, voiding the entry of summary judgment in

plaintiff's favor and the foreclosure judgment. Next, defendant argues the trial judge violated his due process rights when she did not consider his cross-motion and opposition to plaintiff's motion for summary judgment. He further claims the foreclosure action was invalid because his cross-motion asserted a meritorious defense, namely, the mortgage was a predatory loan. Lastly, defendant asserts because the mortgage note is lost, plaintiff is not entitled to enforcement of the note because it has not established possession of the documents necessary to foreclose.

In response, plaintiff argues defendant's claims lack merit and none of the issues he raises were set forth in the notice of appeal. Plaintiff contends defendant's brief presents arguments pertaining to the 2013 entry of summary judgment, yet his appeal is limited to the writ of possession. Plaintiff notes if we reach the merits of defendant's claims, the trial judge appropriately exercised her discretion by declining to consider defendant's late cross motion.

Rule 2:5-1(f)(1) states:

> A notice of appeal to the Appellate Division may be in the form prescribed by the Administrative Director of the Courts as set forth in Appendix IV of these Rules.
>
> . . . .
>
> The notice of appeal to the Appellate Division shall have annexed thereto a Case Information

> Statement as prescribed by subparagraph 2 of this rule.

"While the rule does not in terms so provide, it is clear that it is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(f)(1) (2017) (citing Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div.), aff'd o.b., 138 N.J. 41 (1994), (rejecting review of the trial court's denial of a request for special interrogatories because the issue was not listed in the notice of appeal)). Also, for example, "if the notice designates only the order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that may be reviewed." Ibid. (citing W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458-59 (App. Div. 2008)).

Defendant's original and amended notice of appeal state he challenges the November 2, 2015 writ of possession, not the November 21, 2013 summary judgment order or the September 22, 2014 judgment of foreclosure. Conversely, defendant's brief addresses the summary judgment order and the final judgment of foreclosure, not the writ of possession. For these reasons, pursuant to Rule 2:5-1(f)(1), we decline to review defendant's requests as they

5

pertain to the summary judgment order or the foreclosure judgment. More importantly, the time to appeal both the entry of summary judgment and the foreclosure judgment has long passed. See R. 2:4-1(a).

Lastly, we note a writ of possession is a means to enforce a judgment by granting a successful plaintiff possession of the property to satisfy its judgment, see Black's Law Dictionary 1750 (9th ed. 2009). Defendant may not use an attack on the post-judgment writ of possession to have us review determinations he failed to timely challenge. Defendant's brief purports to have us "vacate . . . all judgments," which is also time barred. R. 2:4-1(a) (mandating appeals shall be filed within forty-five days of entry of trial judgments or orders).

The appeal is dismissed. R. 2:8-2.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1489-15T4