**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4569-14T2

ALISON MOSES,

    Plaintiff-Appellant,

v.

ROBERT J. MANALO,

    Defendant-Respondent,

and

GREGORIO L. MANALO,

    Defendant.

_____

Argued March 7, 2017 — Decided August 10, 2017

Before Judges Reisner and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Docket No. L-4670-
11.

Matthew B. Weisberg argued the cause for
appellant.

Daniel J. Pomeroy argued the cause for
respondent (Pomeroy, Heller & Ley, LLC,
attorneys; Mr. Pomeroy, on the brief; Karen
E. Heller, attorney, on the brief).

PER CURIAM

Plaintiff Alison Moses, a Florida resident covered by a Florida automobile insurance policy, was driving a rental car west on Interstate Route 78 when she was rear-ended by an automobile driven by defendant Robert J. Manalo. During the subsequent litigation, the trial court entered an order on January 31, 2014, which granted defendant's pre-trial motion, declaring that plaintiff's bodily injury claim was subject to the lawsuit limitation threshold through application of the Deemer Statute, N.J.S.A. 17:28-1.4, and N.J.S.A. 39:6A-8(a).

At trial, the jury found defendant negligent, but did not award plaintiff any damages because it determined that she failed to prove that she sustained a permanent injury as required by the lawsuit limitation. On April 27, 2015, the court entered an order dismissing her complaint due to the no cause of action verdict.

Before us, without citing any legal authority, plaintiff contends the January 31 order, declaring that the Deemer Statute applies and subjects her claim to the lawsuit limitation, is "prejudicial reversible error." We disagree.

The salient facts are not in dispute, and the issue presented is a question of law, which we review de novo. Davis v. Devereux Found., 209 N.J. 269, 286 (2012).

Initially, however, we are constrained to point out that plaintiff's appeal is procedurally deficient. A notice of appeal

must "designate the judgment, decision, action or rule, or part thereof appealed from." R. 2:5-1(f)(3)(A). It is well-established "that it is only the orders designated in the notice of appeal that are subject to the appeal process and review." W.H. Indus., Inc. v. Fundicao Balancins, Ltda., 397 N.J. Super. 455, 458 (App. Div. 2008); 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004). Plaintiff's notice of appeal fails to indicate that she is appealing the court's January 31 order, applying the lawsuit limitation. Further, Rule 2:6-1(a)(1) requires that the appendix contain a "statement of all items submitted to the [trial] court" and copies of those items. Plaintiff had not provided us with a transcript of the argument or the court's decision.[1] Nevertheless, after considering the record that was provided, we are able to conduct meaningful review of the court's order that the lawsuit limitation applies to plaintiff's claim. See R. 2:8-2; R. 2:9-9.

At the time of the accident, plaintiff was driving a rental automobile. She had a Florida insurance policy that covered her personal automobile. It also covered her for damages arising out of her use of "a non-owned auto," defined as "a private passenger,

---

[1] Defendant's brief states there is a transcript of the January 31, 2014 proceeding, but it is not part of the record on appeal. Further, it is unclear whether the trial court placed its decision on the record at the proceeding.

farm or utility auto or trailer not owned by or furnished for the regular use of either you or a relative, other than a temporary substitute auto. An auto rented or leased for more than 30 days will be considered as furnished for regular use." The policy further provided that "[w]hen the policy applies to the operation of a motor vehicle outside of your state, we agree to increase your coverages to the extent required by local law." Consequently, the rental automobile she was driving was covered by her Florida policy.

In our state, the Deemer Statute requires an out-of-state insurer authorized to transact business in New Jersey to include standard personal injury protection (PIP) coverage pursuant to N.J.S.A. 39:6A-4 "whenever the automobile or motor vehicle insured under the policy is used or operated in this State." N.J.S.A. 17:28-1.4. Since plaintiff's insurance provider provided insurance coverage in New Jersey, we therefore agree with the trial court's order that the Deemer Statute applied and plaintiff's claim was subject to the lawsuit limitation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4569-14T2