NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1816-14T2

FTA FINANCIAL L.L.C.,

 Plaintiff-Respondent,

v.

JAMES WHITE,

 Defendant-Appellant.

_________________________________

 Submitted October 11, 2016 – Decided March 7, 2017

 Before Judges Espinosa and Suter.

 On appeal from Superior Court of New Jersey,
 Law Division, Special Civil Part, Passaic
 County, Docket No. DC-9962-14.

 James White, appellant pro se.

 Zager Fuchs, P.C., attorneys for respondent
 (Michael T. Warshaw, on the brief).

PER CURIAM
 Defendant James White appeals a November 14, 2014 order that

denied his motion to vacate a $14,250 judgment entered against him

in favor of plaintiff FTA Financial, L.L.C. (FTA).1 We affirm.

 Defendant and four other individuals signed a $20,000

"Promissory Note" (Note) in April 2012 that was payable to John's

Bail Bonds (John's) in order to obtain a recognizance bond for

defendant Donny Bono's appearance on criminal charges, where bail

was set at $200,000. They also signed an "Unpaid Premium

Agreement" (Agreement) with John's which obligated them to pay the

$15,000 remaining balance for the bond in $400 bi-weekly

installments, a document that listed "Conditions of Release," a

"Detainer Notice," and individual indemnity agreements with the

surety on the bond, First Indemnity of America Insurance Company.

The Agreement required defendant to "pay all . . . costs of

collections including attorney's fees and court costs." John's

received an initial $5,000 down payment and another $2,950, leaving

an unpaid balance of $12,050.

 In August 2014, John's assigned this account receivable to

FTA for collection. FTA then sued defendant and the other

signatories in the Passaic County Superior Court, Special Civil

1
 Defendant's Notice of Appeal only referenced the November 14,
2014 order and not the October 17, 2014 order that entered the
judgment.

 2 A-1816-14T2
Part, seeking $14,250 in damages for the unpaid balance and

collection costs, and $750 in attorney's fees. Defendant was the

only party who answered the complaint.

 FTA requested summary judgment, contending there were no

genuine issues of fact regarding defendant's obligation to pay

under the Note and Agreement. Defendant opposed the motion saying

that he was "lied to and misled by John's." He asserted the

documents were blank when he signed them at 10:00 p.m. in a van

at his house, that John's rushed him to sign and he was tired at

the time. He claimed he was signing for a bond and did not

remember signing a "fee contract." He asserted the documents were

not filled out when he signed them nor properly notarized.

 Defendant asked to consolidate this case with a case he filed

in the Hudson County Special Civil Part. In that case, defendant

sued John's for $15,000 claiming he was "tricked into signing a

paper [in] which I was made a guarantor of the bondsman's fee."

He claimed he was not advised of the delinquency, and questioned

the amount due under the contract. Defendant contested the venue

of FTA's case in Passaic County because he said Bono moved out of

the county before suit was filed.

 On October 17, 2014, the trial judge granted FTA's motion for

summary judgment. In his written opinion, the judge found the

case was properly venued in Passaic County because Bono lived in

 3 A-1816-14T2
Clifton and defendant had no proof to corroborate that Bono had

moved. The court declined to consolidate this case with the case

pending in Hudson County because neither FTA nor defendant had

"any bona fide connection to Hudson County."2 The judge also found

there were no factual issues precluding summary judgment because

defendant acknowledged signing the documents and did not provide

"documentary evidence" in support of his claims that the documents

were not filled out when he signed them nor properly notarized.

The trial court entered a $14,250 judgment against defendant and

denied FTA's request for attorney's fees without prejudice because

it failed to submit a certification of services.

 Defendant filed a motion under Rule 4:50-1 to vacate the

judgment, claiming he had new evidence that Bono was not living

in Clifton when the complaint was filed. FTA opposed the motion

and filed a cross-motion for sanctions and attorney's fees.

 The trial court denied defendant's motion to vacate, finding

the case was properly venued in Passaic County because Bono was

residing in Passaic County "at the time that this suit was filed,"

that Bono was served with the complaint in Passaic County and that

defendant presented no documentary evidence to show Bono's current

2
 The Hudson County case was dismissed according to FTA, and
reconsideration denied, but those orders are not part of our
record.

 4 A-1816-14T2
address or to corroborate his claim Bono had moved. The court

found that although settlement discussions may have occurred

between the parties, those discussions could not be considered by

the court, citing to N.J.R.E. 408. The court denied FTA's request

for sanctions because it had not sent the pre-action letter notice

required by Rule 1:4-8(b).3

 Defendant appeals the November 14, 2014 order that denied his

request to vacate the judgment. He contends the trial court erred

by failing to consider the concept of joint and several liability,

and by also failing to consider that, before collecting on the

bond, FTA was required to prove substantial efforts to capture the

defendant. We discern no error by the trial court in denying his

motion to vacate the judgment.

 We review trial court decisions on motions to vacate

judgments, R. 4:50-1, with greater deference than our review of

summary judgment orders. See Hous. Auth. of Morristown v. Little,

135 N.J. 274, 283 (1994) (internal citations omitted) ("The

decision granting or denying an application to open a judgment

will be left undisturbed unless it represents a clear abuse of

discretion.").

3
 We omit discussion of subsequent motions involving collection
activities because they have no bearing on our resolution of the
issues.

 5 A-1816-14T2
 Defendant raises nothing in this appeal that demonstrates

an abuse of discretion. Instead, defendant cites to principles

of tort law involving joint and several liability as a ground to

vacate the judgment. However, joint and several liability has no

relevance to this breach of contract action. Defendant signed a

contract that allowed FTA to seek the full amount from defendant

or any of the co-signers, either individually or jointly. This

then was not a basis under Rule 4:50-1 to vacate the judgment.

 Similarly, defendant's contention on appeal that FTA needed

to show efforts to recapture an at-large defendant to recover

under the note is simply incorrect. This is not a case where

there was a failure by a criminal defendant to appear; rather,

defendant and others obligated under the note failed to pay for

the bail bond.

 Defendant did not appeal the October 17, 2014 order that

entered judgment because it was not listed in his Notice of Appeal.

See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super.

455, 458 (App. Div. 2008) (citing Sikes v. Twp. of Rockaway, 269

N.J. Super. 463, 465-66 (App. Div.), aff'd o.b., 138 N.J. 41

(1994)) ("It is clear that it is only the orders designated in the

notice of appeal that are subject to the appeal process and

review."). Defendant's Case Information Statement did list the

October 17, 2014 order that granted FTA summary judgment. However,

 6 A-1816-14T2
even if we elected to review the summary judgment order, see Tara

Enters. Inc. v. Daribar Mgmt. Corp., 369 N.J. Super. 45, 60 (App.

Div. 2004), it provided no basis to vacate the judgment. See

Liberty Surplus Ins. Corp., Inc. v. Nowell Amoroso, P.A., 189 N.J.

436, 445-46 (2007) (citing Brill v. Guardian Life Ins. Co. of Am.,

142 N.J. 520, 536 (1995) (finding that summary judgment is

appropriate where there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law)). We

review a summary judgment decision using the same standards that

govern the trial court. Murray v. Plainfield Rescue Squad, 210

N.J. 581, 584 (2012).

 Here, defendant acknowledged signing the documents without

first reading them.4 He contended he thought he was signing for

the bond, and not for the amount needed to purchase the bond.

Although he described the circumstances under which he signed the

documents, he never asserted that he signed them based on threats

made or wrongful conduct by the bail bondsman. See Shanley &

Fisher, P.C. v. Sisselman, 215 N.J. Super. 200, 213 (App. Div.

1987) (internal quotation marks and citation omitted) (holding

that acts or threats do not constitute duress unless they are

wrongful). Instead, he believed he was doing Bono a favor by

4
 Defendant apparently abandoned his claim of forgery at oral
argument where he admitted signing the documents.

 7 A-1816-14T2
agreeing to the bond. Defendant acknowledges the documents were

available for him to read when he signed them and that he could

have asked for and obtained a copy. The pre-printed portions of

those documents were clear in setting forth that defendant was

financially obligated because one was a "Promissory Note," and

another was an "Unpaid Premium Agreement." Defendant did not

plead legal or equitable fraud as a defense, nor did he raise with

any specificity facts that would support his bald assertion he was

misled. See R. 4:5-8(a). Additionally, he acknowledged he signed

the documents, which, for him, obviated any issue about the

notarization of the document.

 The certification submitted in connection with the motion for

summary judgment supported the judgment for $14,250. The

promissory note was for $15,000 but because $2,950 has been paid,

and $2,200 had been assessed for the costs of collection, the

total amount awarded was $14,250. The record is devoid of any

genuine issue challenging these amounts.

 Finally, venue in Special Civil Part is proper "in the county

in which at least one defendant in the action resides." Rule 6:1-

3(a). Defendant twice failed to show Bono had moved out of the

county prior to the filing of the suit.5 Therefore, venue was

5
 The trial court's opinion references "jurisdiction." Defendant
does not allege on appeal that the court lacked jurisdiction.

 8 A-1816-14T2
proper in Passaic County because the trial court found Bono lived

there when the complaint was served and filed.

 Affirmed.

 9 A-1816-14T2