**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5577-15T2

JESSE ROSENBLUM,

    Plaintiff-Appellant,

v.

BOROUGH OF CLOSTER,

    Defendant-Respondent.

_____

Argued January 22, 2018 — Decided July 11, 2018

Before Judges Whipple and Rose.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Docket No. L-
7037-15.

Jesse Rosenblum, appellant, argued the cause
pro se.

Edward T. Rogan argued the cause for
respondent (Edward Rogan & Associates, LLC,
attorneys; JoAnn Riccardi Schuman, on the
brief).

PER CURIAM

    Plaintiff Jesse Rosenblum appeals from a July 12, 2016 order

granting summary judgment in favor of defendant Borough of Closter

(Borough). Having reviewed plaintiff's arguments in light of the record and applicable legal principles, we affirm.

Plaintiff is a resident and a taxpayer in the Borough who brought suit seeking to invalidate an ordinance, which amended the Borough's Code. In 2015, the Borough passed ordinance 2015-1186, amending section 200-69E of the Code. Prior to the enactment of the ordinance, this section of the Code limited each lot in the Business Zone, to no more than one principle use and no more than one building. That restriction was enacted in 1980. Prior to the 1980 provision, there existed several lots in the Business Zone containing more than one building on a single lot. After the ordinance passed in 2015, the Business Zone was exempted from the limitation on how many buildings or uses may be on each lot. This was done, at least in part, to discourage "big box" stores in the Business Zone.

In July 2015, plaintiff filed a complaint in lieu of prerogative writs under Docket No. L-7037-15, seeking to have the ordinance declared null and void for: (1) being arbitrary, capricious, and unreasonable; (2) failing to comply with provisions of the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-2 to -163; and (3) failing to comply with the notice requirements of N.J.S.A. 40:55D-62.1. On September 28, 2015, the Borough filed an answer to plaintiff's complaint.

On February 9, 2016, plaintiff moved for summary judgment arguing he had not been provided the proper notice under N.J.S.A. 40:55D-62.1 and that the ordinance constituted a change in classification within the Business Zone. On March 29, 2016, the court denied plaintiff's motion because "the ordinance did not constitute a change in classification," thus plaintiff was not entitled to notice under N.J.S.A. 40:55D-62.1. An order reflecting the ruling was entered on August 18, 2016; plaintiff did not appeal from this order.

On April 29, 2016, the Borough moved for summary judgment arguing there was no genuine issue of material fact and plaintiff had presented no evidence or produced any expert report indicating the ordinance violated the MLUL and it was invalid for being arbitrary, capricious, or unreasonable. On June 9, 2016, the court in an oral decision, granted the Borough's motion. The judge determined plaintiff did not provide the court with competent evidence as to why the purpose clause of the MLUL, N.J.S.A. 40:55D-2 had been violated. The judge stated, "[p]laintiff solely provided conclusory allegations absent material documentation." In response to the allegation the Borough violated the notice requirement of N.J.S.A. 40:55D-62.1, the judge stated it "has already been addressed by this Court as the law of the case that notice to Plaintiff was not required."

The court rejected plaintiff's allegations the ordinance was arbitrary, capricious, or unreasonable. An order was entered on July 12, 2016, and it is from this order that plaintiff appeals, arguing the trial court erred in granting summary judgment for the Borough.

When we review a grant of summary judgment, we use the same standard as that of the trial court. Globe Motor Co v. Iqdalev, 225 N.J. 469, 479 (2016). A court should grant summary judgment, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Ibid. (citing R. 4:46-2(c)). The evidence must be viewed in "the light most favorable to the non-moving party." Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012). "Rule 4:46-2(c)'s 'genuine issue [of] material fact' standard mandates that the opposing party do more than 'point[] to any fact in dispute' in order to defeat summary judgment." Globe Motor Co., 225 N.J. at 479 (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995)) (alteration in original).

Plaintiff presented four issues for us to consider. Plaintiff's first contention is the ordinance was invalid because the Borough did not comply with the personal notice requirements

of the MLUL.  We disagree.  The order entered on March 29, 2016, dealt finally and completely with the notice question, when the judge found that "the ordinance did not constitute a change in classification," thus plaintiff was not entitled to personal notice.

However, plaintiff only appeals from the July 12, 2016 order, granting summary judgment to the Borough.  "It is clear that it is only the orders designated in the notice of appeal that are subject to the appeal process and review."  W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008) (citing Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div. 1994)).  Plaintiff did not appeal from the March 29 order, therefore it is not within the jurisdiction of this court, and we decline to consider any arguments regarding the notice requirement of N.J.S.A. 40:55D-62.1.

Plaintiff's next contention is that the ordinance contains misinformation which makes its adoption arbitrary and capricious. "A municipal ordinance under review by a court enjoys a presumption of validity and reasonableness."  State v. Clarksburg Inn, 375 N.J. Super. 624, 632 (App. Div. 2005) (citing First Peoples Bank of N.J. v. Twp. of Medford, 126 N.J. 413, 418 (1991)).  "Municipal ordinances are normally liberally construed in favor of the municipality and are presumed valid, with the burden of proving

otherwise placed upon the party seeking to overturn the ordinance." State v. Golin, 363 N.J. Super. 474, 481-82 (App. Div. 2003); Dome Realty, Inc. v. Paterson, 83 N.J. 212, 235 (1980) ("courts place a heavy burden on the proponents of invalidity"). Only a showing of "clear and convincing evidence" may overcome this presumption. Spring Lake Hotel & Guest House Assn. v. Spring Lake, 199 N.J. Super. 201, 210 (App. Div. 1985).

Specifically in the case of zoning ordinances, "[i]t is fundamental that zoning is a municipal legislative function, beyond the purview of interference by the courts unless an ordinance is seen in whole or in application to any particular property to be clearly arbitrary, capricious or unreasonable, or plainly contrary to fundamental principles of zoning" or applicable statutes. Bow & Arrow Manor v. West Orange, 63 N.J. 335, 343 (1973); Yousefian v. Mun. Council of Wayne, 152 N.J. Super. 111, 121 (Super. Ct. 1977) (citation omitted). "[T]he fundamental question in all zoning cases 'is whether the requirements of the ordinance are reasonable under the circumstances.'" Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282, 290 (2001) (quoting Vickers v. Twp. Comm. of Gloucester Twp., 37 N.J. 232, 245 (1962)).

Plaintiff has submitted no evidence here or before the trial court, besides his unsubstantiated and conclusory allegations, to

support his assertion the ordinance at issue was arbitrary, capricious, or contrary to zoning principles.

We reject plaintiff's assertion the wording in five of the "whereas" clauses preceding the body of the ordinance are replete with such misinformation as to create issues of material fact such that we would find that the trial court erred in granting summary judgment for the Borough. We also reject plaintiff's argument that the Borough's actions amounted to spot zoning. Plaintiff did not set forth sufficient evidence, or really any evidence, to satisfy his burden in raising these arguments with the trial court.

Plaintiff's additional arguments, many of which were not raised below, lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION