**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4400-16T2

SOAD G. IBRAHIM,

    Plaintiff-Respondent,

v.

ABDEL FATTAH MAHMOUD,

    Defendant-Appellant.

_____

Submitted June 26, 2018 — Decided August 21, 2018

Before Judges Simonelli and Koblitz.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-1280-16.

Celli, Schlossberg, De Meo & Giusti, PC, attorneys for appellant (Katherine E. Giusti, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant Abdel Fattah Mahmoud appeals from the May 5, 2017 Family Part order, which denied without prejudice his motion to terminate alimony. On appeal, Mahmoud contends, in part, that the

trial court lacked jurisdiction to award alimony to plaintiff Soad G. Ibrahim. We affirm.

The parties were married in Egypt, and divorced in Egypt pursuant to an Egyptian certificate of divorce recorded on November 16, 2002. Ibrahim was not awarded alimony in the divorce proceeding. After the parties moved to New Jersey, Ibrahim filed a motion for an order registering the Egyptian divorce here and awarding her alimony. Mahmoud was served with, but did not oppose, the motion. In an August 2, 2016 order, the trial court granted the motion, registered the Egyptian divorce in New Jersey, and awarded Ibrahim temporary alimony of $800 per month, effective May 10, 2016. The parties filed several motions thereafter regarding the alimony award. The court entered several orders, which terminated and then reinstated the alimony award.

On January 31, 2017, Mahmoud filed yet another motion to terminate alimony, arguing the court lacked jurisdiction to award alimony, Ibrahim was not entitled to alimony, and he was unable to pay. In a May 5, 2017 order, the court denied the motion and made findings of fact and conclusions of law in a comprehensive written statement of reasons. This appeal followed.

As a threshold matter, Mahmoud's notice of appeal states he is only appealing from the May 5, 2017 order. "[I]t is only the judgments or orders or parts thereof designated in the notice of

appeal which are subject to the appeal process and review." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(f)(1) (2018); see also 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004). Thus, Mahmoud's challenge to prior orders entered in this matter is not properly before this court. See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008). Accordingly, we limit our review to the May 5, 2017 order.

Mahmoud does not contest the validity of the Egyptian divorce or challenge the order registering the certificate of divorce in New Jersey. Rather, he argues the court lacked jurisdiction to award alimony because the parties were divorced in Egypt and he was not subject to personal jurisdiction in New Jersey because there was no evidence he resided or owned property here at the time of the divorce. This argument lacks merit.

"Whether it is appropriate for a court to exert personal jurisdiction is not examined from a standpoint of what disputes the forum may have an interest in adjudicating, but is instead guided by the fairness of the choice of forum from the defendant's viewpoint." Tatham v. Tatham, 429 N.J. Super. 502, 509-10 (App. Div. 2013). "That is, the court must look to a defendant's connection to the forum and whether it is fair -- in the constitutional sense -- for the defendant to be haled into the

forum to litigate the dispute."  Id. at 510 (citation omitted).
As we held:

> In the matrimonial context, the test is the same; the court must examine whether there is "a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum," which involves a consideration of whether a defendant has had the requisite minimum contacts with New Jersey, and whether the exercise of jurisdiction comports with "fair play and substantial justice[.]"
>
> [Ibid. (citations omitted).]

"These principles are designed to ensure that a defendant is not unfairly burdened with litigating in a distant or inconvenient forum and that the forum does not exceed the rightful limits of its sovereignty."  Ibid. (citation omitted).

The record in this case confirms that Mahmoud lived in Chester, New Jersey throughout this matter.  Accordingly, the court had in personam jurisdiction over him and authority to award alimony to Ibrahim.  See N.J.S.A. 2A:34-8 (providing that "[t]he Superior Court shall have jurisdiction of an action for alimony and maintenance when the defendant is subject to the personal jurisdiction of the court, is a resident of this State, or has tangible or intangible real or personal property within the jurisdiction of the court").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4400-16T2