**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0985-20

JPMORGAN CHASE BANK,
N.A.,

     Plaintiff-Respondent,

v.

SPEECH AND LANGUAGE
CENTER, LLC and
CHRYSSOULA ARSENIS,

     Defendants-Appellants,

and

GEORGE J. ARSENIS and
SPYRIDON M. ARSENIS,

     Defendants.[1]

_____

Argued March 7, 2022 – Decided March 16, 2022

Before Judges Fasciale and Vernoia.

---

[1] Defendants George and Spyridon Arsenis did not actively participate in this appeal.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0035-16.

Chryssoula Arsenis, appellant, argued the cause pro se.

Shawn D. Edwards argued the cause for respondent (Maselli Warren, PC, attorneys; David Fornal, of counsel; Shawn D. Edwards, of counsel and on the brief; Barbara J. Boyd, on the brief).

PER CURIAM

Speech and Language Center, LLC (Borrower) and Chryssoula Arsenis (Chryssoula)[2] (collectively defendants) appeal from an October 16, 2020 order denying their motion "to release [plaintiff's] judgment lien."[3] Judge Douglas H. Hurd entered the order and rendered an oral opinion with which we substantially agree. The judge correctly determined there was no basis to "release" plaintiff's lien. We affirm.

In 2015, the Borrower executed and delivered to plaintiff a Line of Credit Note and Credit Agreement (Contract) for $300,000. Chryssoula, George, and

---

[2] To avoid confusion between Chryssoula, George, and Spyridon Arsenis, we refer to them using their first names. We mean no disrespect in doing so.

[3] This is the only order identified by defendants in their Notice of Appeal (NOA). If a matter is not designated in a party's NOA, it is not subject to the appeal process. W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008); see also R. 2:5-1(e)(3)(i) (stating that an NOA "shall designate the judgment, decision, action or rule, or part thereof appealed from").

A-0985-20

Spyridon signed the Contract as members of the Borrower entity. The terms of the Contract provided:

> If any of the following events occurs, the [n]otes shall become due immediately, without notice, at [plaintiff]'s option:
>
> A. Any [o]bligor fails to pay when due any of the [l]iabilities or any other debt to any [p]erson, or any amount payable with respect to any of the [l]iabilities, or under any [n]ote, any other [r]elated [d]ocument, or any agreement or instrument evidencing other debt to any [p]erson.
>
> . . . .
>
> At any time after the occurrence of a default, [plaintiff] may do one or more of the following: . . . (c) declare any of the [n]otes and/or of the [r]elated documents to be immediately due and payable, without notice of acceleration, presentment and demand or protest or notice of any kind, all of which are hereby expressly waived.

The Borrower defaulted, which led plaintiff to file this complaint seeking a judgment for the balance due.

In 2016, plaintiff filed an unopposed motion seeking summary judgment. The parties then entered into settlement agreements. Defendants consented to the entry of a judgment in favor of plaintiff reflecting the balance due under the Contract but with a payment schedule. Plaintiff agreed to forbear collection

A-0985-20

under the judgment if defendants made the requisite payments to satisfy the balance owed.

In August 2018, the parties entered into a third settlement and forbearance agreement (Third Agreement), which required defendants to pay the remaining balance before July 2019. By not making the required payments, defendants breached the Third Agreement, which entitled plaintiff to docket the judgment as a lien without further notice to defendants:

> [Defendants]' failure to timely make even one [p]ayment as required in this [a]greement is a breach of this [a]greement. In other words, if [plaintiff] does not receive the full amount of each [p]ayment by the due date indicated in Section 2(a) above, [defendants] are in breach of this [a]greement, at which point [plaintiff] may send [defendants] notice (a "Default Notice"). If [plaintiff] elects to send a Default Notice, it will do so by Federal Express or a similar overnight delivery service to the address provided for . . . . No delay in sending a Default Notice shall be deemed a waiver or release of any of [plaintiff]'s rights to enforce this [a]greement.
>
> . . . .
>
> If [defendants] fail to cure a breach of this [a]greement, [plaintiff] may docket the [j]udgment at the Judgment Section of the New Jersey Office of the Superior Court Clerk and enter it on the New Jersey Statewide Civil Judgment and Order Docket. [Plaintiff] will not provide further notice before docketing the [j]udgment.

Before docketing the lien, plaintiff was willing to negotiate a fourth agreement to give defendants more time, but defendants eventually stopped responding to plaintiff's counsel and ended negotiations. In February 2020, plaintiff docketed its lien. On motion, the court then permitted plaintiff to garnish Spyridon's wages.

On appeal, defendants argue:

[POINT] I

THE TRIAL [JUDGE] ERRED IN GRANTING [JUDGMENT] LIEN(S) BECAUSE PLAINTIFF BREACHED THE SIGNED (FORBEARANCE AGREEMENT SECTIONS 3[B] AND 4[B]). (Raised below).

[POINT] II

THE TRIAL [JUDGE] ERRED IN GRANTING THE WAGE EXECUTION[4] WITHOUT "DEFAULT NOTICE" AS PER THE FUNDAMENTAL FAIRNES[S] RULES OF COURT. (Raised below).

[POINT] III

EVEN IN THE CASE OF . . . DEFENDANTS' DEFAULT . . . THE SECOND FUNDAMENTAL PURPOSE OF THE CONTROVERSY DOCTRINE SHOULD HAVE BEEN CONSIDERED FOR THOSE WITH MATERIAL INTEREST IN THE ACTION. (Raised below).

---

[4] Defendants have not referenced in their NOA any wage execution order.

A-0985-20

[POINT] IV

AS PER THE THIRD FUNDAMENTAL PURPOSE OF THE CONTROVERSY DOCTRINE[,] THE ENTRY OF [ORDER] ON [JUNE 5, 2020] WAS NOT DONE ON THE MERITS BUT DUE TO A COURT PROCESSING ERROR (EFFICIENCY AND THE AVOIDANCE OF WASTE AND THE REDUCTION OF DELAY)[.]  (Raised below).

[POINT] V

EXCEPTIONAL CIRCUMSTANCES ARE PRESENT AS PER [RULE] 4:50-1(b) NEW[LY] DISCOVERED EVIDENCE AFFORD RELIEF.  "CERTIFICATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT STRIKING DEFENDANTS['] ANSWER DEFEN[S]ES AND COUNTERCLAIM["] SIGNED BY [PLAINTIFF'S ASSOCIATE] ([PLAINTIFF'S] FINANCIAL STATEMENTS DO NOT SHOW DEFAULT[)].  (Not raised below).

[POINT] VI

[RULE 4:50-1(c)] AND [RULE] 4:50-[(f)] ARE MET BECAUSE DUE TO FRAUD AND MISREPRESENTATION . . . DEFENDANT(S) DID NOT HAVE AN ACTUAL NOTICE OF ACTION THEREFORE THE GRAVE INJUSTICE FOR RELIEF UNDER [RULE] 4:5[0]-1(f) IS MET.  (Not raised below).

[POINT] VII

THE JUDGMENT AS PER [RULES] 4:50-1 AND SUBDIVISIONS 4:5[0]-1[(d)] AND [(f)].  PLAINTIFF FAILED TO SUPPORT THE DEFAULT JUDGMENT FOR THE WAGE EXECUTION OF A GUARANTOR

6

WHICH CONFLICTS WITH ESTABLISHED LAW AND IS VOIDABLE.[5]  (Raised below).

[POINT] VIII

THE HEARING OF JULY 24, 2020 DID NOT ADJUDICATE THE ENFORCEABILITY OF THE JUDGMENT.  ON THE CONTRARY, THE WAGE EXECUTION WAS ADJUDICATED DESPITE THE COURT'S PROCESSING ERROR AND AGAINST THE COURT RULES OF FUNDAMENTAL FAIRNESS.  (Raised below).

[POINT] IX

THE MOTION IS NOT BARRED BY THE "LAW OF THE CASE" DOCTRINE BECAUSE [RULE] 4:5[0]-1[(c)] FRAUD AND EGREGIOUS MISREPRE[S]ENTATION IS THE GENESIS OF THE DEFAULT [JUDGMENT].  "CERTIFICATION IN SUPPORT OF MOTION FOR SUMMARY . . . [JUDGMENT] STRIKING DEFENDANTS['] ANSWER DEFENSES AND COUNTERCLAIM SIGNED BY [PLAINTIFF'S ASSOCIATE] [PLAINTIFF'S] FINANCIAL STATEMENTS DO NOT SHOW ANY DEFAULT[."]  (Not raised below).

We reject defendants' contentions and conclude they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We add the following brief remarks.

---

[5] Defendants did not identify the underlying judgment in their NOA.

A-0985-20

Contrary to defendants' arguments, N.J.S.A. 2A:17-50(a) and the Third Agreement provide no basis to "release" them from plaintiff's docketed lien. Neither one required the judge to do anything other than enter the order under review.  N.J.S.A. 2A:17-50(a) states:

> When a judgment has been recovered in the Superior Court, and where any wages, debts, earnings, salary, income from trust funds, or profits are due and owing to the judgment debtor, or thereafter become due and owing to him, to the amount of $48.00 or more a week, the judgment creditor may, on notice to the judgment debtor unless the court otherwise orders, apply to the court in which the judgment was recovered, or to the court having jurisdiction of the same, and upon satisfactory proofs, by affidavit or otherwise, of such facts, the court shall grant an order directing that an execution issue against the wages, debts, earnings, salary, income from trust funds, or profits of the judgment debtor.

The plain text of N.J.S.A. 2A:17-50(a) does not address releasing a party from a judgment lien.  Rather, it only applies to execution against wages, debts, earnings, salary, income from trust funds, or profits of the judgment debtor. N.J.S.A. 2A:17-50(a) is therefore inapplicable.  Defendants also point to the Third Agreement, arguing it required plaintiff to provide notice of defendants'

A-0985-20

default before plaintiff docketed the lien. But the Third Agreement imposes no such obligation.[6]

Defendants also summarily contend—without any basis—that <u>Rule</u> 4:50-1(b)-(d), and (f) required the judge to "release" them from the judgment lien. On this record, there are no facts whatsoever supporting defendants' argument that they are entitled to relief from the October 16, 2020 order under <u>Rule</u> 4:50-1, which provides that a judge

> may relieve a party or the party's legal representative from a final judgment or order for the following reasons: . . . (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [<u>Rule</u>] 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; . . . or (f) any other reason justifying relief from the operation of the judgment or order.

Relief under <u>Rule</u> 4:50-1 is "granted sparingly." <u>DEG, LLC v. Twp. of Fairfield</u>, 198 N.J. 242, 261 (2009) (quoting <u>F.B. v. A.L.G.</u>, 176 N.J. 201, 207 (2003)). "The decision granting or denying an application to open a [final order such as

---

[6]  Even if the Third Agreement required plaintiff to notify defendants before docketing the judgment, which is entirely not the case, defendants had actual notice since plaintiff attempted—for several months—to negotiate a fourth agreement giving them more time before docketing the judgment lien.

the one under review] will be left undisturbed unless it represents a clear abuse of discretion." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994); see also U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (a trial judge's determination under Rule 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion"). There is no such abuse here.

To the extent we have not specifically addressed defendants' remaining arguments, we reiterate that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION