**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2939-23

THE BANK OF NEW YORK
MELLON, a/k/a THE BANK
OF NEW YORK, AS
TRUSTEE, FOR THE
CERTIFICATEHOLDERS
OF THE CWABS, INC.,
ASSET-BACKED
CERTIFICATES,
SERIES 2007-13,

     Plaintiff-Respondent,

v.

JOSEPH H. KAYATI, JR.,
individually and as
Executor of the ESTATE,
JOSELYN L. KAYATI,

     Defendant-Appellant.

_____

Submitted June 4, 2025 – Decided July 1, 2025

Before Judges Mayer and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-004273-22.

Joseph H. Kayati, Jr., appellant pro se.

Leopold & Associates, PLLC, attorneys for respondent (Stephanie Rojas and Matthew M. Siti, on the brief).

PER CURIAM

Defendant Joseph H. Kayati, Jr. appeals from an April 8, 2024 order entering judgment for plaintiff The Bank of New York Mellon a/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13 (Bank) and returning the matter to the Office of Foreclosure to determine the amount due under the loan documents. He also appeals from an April 17, 2024 final judgment of foreclosure. We affirm.

This matter involves a foreclosure against mortgaged premises located on Old White Horse Pike in Waterford, New Jersey (Property). On July 25, 2007, Joselyn L. Kayati, defendant's mother,[1] executed a note promising to repay a loan in the amount of $297,500. She also executed a mortgage, which was duly recorded, as collateral to secure repayment of the note. The note and mortgage were assigned to the Bank in a January 27, 2015 assignment of mortgage. The assignment of mortgage was duly recorded on February 13, 2015.

---

[1] Joselyn L. Kayati died on August 10, 2022.

A-2939-23

On March 1, 2020, Joselyn L. Kayati executed a balloon loan modification agreement in the amount of $657,609.90. She defaulted under the loan modification agreement by failing to make the monthly payment due March 1, 2020.

On May 2, 2022, the Bank filed a foreclosure complaint. Two months later, the Bank requested the entry of default. The Bank obtained a final judgment of foreclosure in September 2022.

In or about 2022, defendant and his sister were litigating claims in a probate action regarding their mother's estate. Defendant and his sister were co-executors of the estate under Jocelyn L. Kayati's will.[2]

On January 23, 2023, defendant moved to vacate the September 2022 final judgment of foreclosure, which the trial judge granted in a February 21, 2023 order. Days after entry of the order vacating judgment, the Bank filed an amended foreclosure complaint, naming defendant and his sister, in their capacity as co-executors of Joselyn L. Kayati's estate, as parties in the foreclosure action.

---

[2] In a May 2023 order, the probate judge removed defendant and his sister as co-executors and appointed an attorney to serve as substitute administrator cum testament annexo (Administrator CTA) for the estate.

On May 30, 2023, defendant attempted to file an answer to the amended complaint. In his answer, defendant referenced the pending probate litigation with his sister.[3] However, the trial court rejected defendant's answer based on the entry of default on May 17, 2023.

On June 5, 2023, the trial court issued a deficiency notice to defendant. The notice advised defendant that a motion to vacate the default was required before his answer could be filed. Defendant never moved to vacate the May 17, 2023 default and the foreclosure proceeded as uncontested.

In February 2024, the Bank moved for a final judgment of foreclosure. In support of the motion, the Bank submitted a detailed certification and extensive supporting documentation for the amounts due under the loan modification agreement. The certification, authored by a document verification specialist on behalf of the loan servicer, attested to the accuracy of the loan documents and pleadings in the foreclosure action. According to the certification, the outstanding amount due under the mortgage modification agreement was

---

[3] The probate litigation between defendant and his sister resolved with the entry of a December 11, 2023 consent order for judgment. Under that order, defendant was to take title to the Property, assume the loan modification agreement, and pay all outstanding sums due to the Bank.

A-2939-23

$742,739.87, including interest, taxes, insurance, and other costs allowable under the loan documents.

Defendant filed a February 26, 2024 certification in opposition to the Bank's motion, objecting to the amount due. In a March 1, 2024 letter, the estate's Administrator CTA took no position on the Bank's motion.[4] According to the Administrator CTA, under the consent order settling the probate action, "the estate no longer ha[d] an interest in the [P]roperty."

On March 28, 2024, the motion judge heard argument on the Bank's motion for entry of a final judgment of foreclosure. The Bank's attorney argued defendant's objection failed to satisfy Rule 4:64-1(d)(3) because defendant did not explain with specificity why the amount due was incorrect.

Defendant raised several arguments objecting to the amount due. However, he failed to provide any specific information or documentation supporting his objection.

After hearing the parties' arguments, the judge entered an April 8, 2024, "order directing the entry of final judgment by the Office of Foreclosure." The judge found defendant presented "a lot of argument without any specifics."

---

[4]  In September 2024, the probate judge discharged and released the Administrator CTA from his duties on behalf of the estate.

A-2939-23

Regarding defendant's request for more time to reach an agreement with the Bank, the judge stated defendant's "desire for more time [was] not a basis for [her] to deny the [Bank]'s application for final judgment." Moreover, the judge found "foreclosure [was] pending for nearly two years," and defendant "had ample time to arrange for a solution."

The judge expressly rejected defendant's objection to the amount due because his statement that the Bank's calculations did not "make sense" was inadequate under Rule 4:64-1(d)(3). She stated defendant was required to "actually explain why or how [the calculations] were incorrect" and he failed to do so.

In entering the final judgment of foreclosure, the judge stated "[t]he amount [would] be determined by the Office of Foreclosure" and transferred the matter to that office. The judge further explained defendant could raise any specific objections to the Office of Foreclosure. Additionally, because defendant failed to "provide any specific objections," the judge ordered defendant's opposition to the entry of final judgment "stricken."

On April 17, 2024, based upon the Office of Foreclosure's review of the Bank's documentation supporting the amount due, the judge entered a final

6

judgment of foreclosure reflecting an amount due of $742,739.87. Defendant appealed the April 8 and April 17, 2024 judgments.

On appeal, defendant argues the judge improperly entered a final judgment of foreclosure. Defendant also argues that the judge erred by rejecting his objection to the Bank's calculation of the amount due. We disagree.

We note defendant's merits briefs included transcripts and citations to the record in the probate action. The probate action is not the subject of this appeal. "[O]nly the orders designated in the notice of appeal . . . are subject to the appellate process and review." W.H. Indus., Inc. v. Funicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008) (quoting Sikes v. Township of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div. 1994)). Thus, we limit our review to the record related to the April 8 and April 17, 2024 orders in defendant's notice of appeal.

Here, defendant never moved to vacate the May 2023 default. Thus, the trial court deemed the Bank's foreclosure action uncontested. A foreclosure action is uncontested if "none of the pleadings responsive to the complaint either contest the validity or priority of the mortgage or lien being foreclosed or create an issue with respect to plaintiff's right to foreclose it." R. 4:64-1(c)(2).

A-2939-23

Because the Bank's foreclosure action was uncontested, defendant could not object to the entry of a final judgment of foreclosure on the merits. However, under Rule 4:64-1(d), defendant remained able to object to the Bank's calculation of the amount due.

We review a decision granting the entry of a final judgment of foreclosure for abuse of discretion. Customers Bank v. Reitnour Inv. Props., LP, 453 N.J. Super. 338, 348 (App. Div. 2018).

Rule 4:64-1(d)(3) provides:

> Any party having the right of redemption who disputes the correctness of the affidavit of the amount due may file an objection stating with specificity the basis of the dispute and asking the court to fix the amount due. On receipt of a specific objection to the calculation of the amount due, the Office of Foreclosure shall refer the matter to the judge in the county of venue, who shall schedule further proceedings and notify the parties or their attorneys of the time and place thereof.

Defendant reprises the same argument regarding the calculation of the amount due before this court as he did before the trial court. Defendant's submission to this court fails to provide any specificity in support of his objections as required under Rule 4:64-1(d)(3).

Here, the amount due stated in the April 17, 2024 final judgment of foreclosure was amply supported by the record. The Bank presented voluminous

A-2939-23

documents in support of the amount due under the loan. Those materials were reviewed by the Office of Foreclosure in accordance with the judge's April 8, 2024 order.

Defendant had ample opportunity to object by providing specific information and documentation disputing the Bank's calculation of the amount due. Despite two opportunities to dispute the amount due, defendant failed to provide any specific information in support of his objection to the Bank's calculations. Under the circumstances, we discern no abuse of discretion in the entry of the April 8 and April 17, 2024 orders entering a final judgment of foreclosure for the Bank.

Any remaining arguments raised by defendant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division