**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0291-16T1

DAVID ZUKOWSKI,

    Plaintiff-Appellant,

v.

SUSSEX RURAL ELECTRIC
COOPERATIVE, INC. and
CHARLES THOMAS TATE,

    Defendants-Respondents.

_____

          Submitted March 13, 2018 — Decided July 25, 2018

          Before Judges Fasciale, Sumners and Moynihan.

          On appeal from Superior Court of New Jersey,
          Law Division, Sussex County, Docket No. L-
          0100-14.

          David Zukowski, appellant pro se.

          Ruprecht Hart Weeks & Ricciardulli, LLP,
          attorneys for respondents (Thomas C. Hart, of
          counsel; Michael F. Georgi, on the brief).

PER CURIAM

    Plaintiff David Zukowski refused to apply for a new service

account with defendant Sussex Rural Electric Cooperative, Inc.

(Sussex Rural) for electrical service to a rental property (the

property) he owned; thereby causing Sussex Rural to disconnect the property's electric meter to discontinue service. When Sussex Rural later realized that electricity was being used at the property, that its disconnection device had been broken, and that a padlock had been placed on the meter, Charles Thomas Tate, an employee of Sussex Rural, removed the padlock and filed a municipal court complaint against Zukowski. Sometime thereafter, Zukowski was charged with the indictable offenses of resisting arrest, eluding, and hindering apprehension of prosecution, arising from the State Police's effort to execute a warrant for his arrest for missing his municipal court trial date.

Prior to his conviction by a different municipal court for the resisting arrest charge that was downgraded to a disorderly persons offense, Zukowski filed a Law Division complaint against Sussex Rural and Tate (collectively defendants) for the removal of his padlock. Zukowski appeals the orders of Judge Robert M. Hanna granting summary judgment to defendants dismissing his complaint with prejudice, and denying his motion to vacate the summary judgment dismissal.[1] We affirm substantially for the

---

[1]  Plaintiff's Notice of Appeal seeks review only of the judge's order denying his motion to vacate dismissal, and not the order granting entry of summary judgment. We could, therefore, limit our review to that order alone. See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458-59 (App. Div. 2008); Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 461-

reasons set forth by the trial judge in his written decisions accompanying his orders.

We briefly summarize the relevant facts. Zukowski's wife went to Sussex Rural's office to pay an electric bill and was informed that the property's tenant had closed the property's electric account, and that, in accordance with its standard practices, Zukowski needed to execute a new service account for electric service to transfer the account back to his name in order for the utility to bill him for electricity to the property. After Zukowski refused to do so, Sussex Rural issued a disconnect order, resulting in the sealing of a "disconnect collar" on the property's electrical meter to cut off service.

When Sussex Rural's monitoring devices indicated electrical use at the property, Tate's investigation discovered that the disconnect collar had been removed. A few days later, Sussex Rural issued a service order to disconnect electricity to the property, and contacted the New Jersey State Police to observe the disconnection process because Zukowski acted belligerently towards the utility's employees during previous work at the property.

---

62 (App. Div. 2002). We choose to overlook that technical error and consider the merits of defendant's appeal because his Case Information Statement mentions he is appealing the summary judgment order, and the substantive issues in the case and the basis for the summary judgment dismissal and the motion to vacate the same. See Fusco, 349 N.J. Super. at 461.

Before disconnecting service at the utility pole and removing Sussex Rural's electric meter, Tate had to cut a padlock placed on the meter, which prevented access to it. Sussex Rural also faxed a letter to Zukowski advising that if the disconnect collar was returned, no formal complaint would be filed against him.[2]

The State Police declined Zukowski's request to file a criminal complaint against defendants for trespassing and theft for removing the padlock he placed on the electric meter; determining his concern was a civil court matter. Later, on behalf of Sussex Rural, Tate filed a municipal court complaint for theft of services, theft of property, and criminal mischief, against Zukowski because Zukowski failed to return the disconnect collar.

After a mistrial[3] and numerous venue changes, Zukowski's case was set for trial on July 23, 2012, but he failed to appear and a warrant was issued for his arrest. A little over a year later, state troopers sought to execute the arrest warrant. When Zukowski struck one of the troopers in the head, attempted to kick him, and unsuccessfully tried to flee to avoid arrest, Zukowski was charged with the indictable offenses of resisting arrest, eluding, and

---

[2] Sussex Rural notified Zukowski by fax because in the past, he did not respond to letters it sent via regular and certified mail and he advised that he was not to be contacted by telephone.

[3] Declared because the municipal prosecutor was related to one of Sussex Rural's employees.

hindering apprehension of prosecution. The Sussex County Prosecutor's Office downgraded the charges to disorderly offenses — two counts of resisting arrest, and one count of obstructing the administration of law — to be tried in municipal court. Although Zukowski was found not guilty of theft of services, theft of property, and criminal mischief — the municipal court charges filed against him by defendants — in October 2013, it was not until February 2015, that a different municipal court tried Zukowski on the downgraded charges and found him guilty of one count of disorderly offense for resisting arrest.

While the downgraded charges were pending, Zukowski filed a complaint in the Law Division against defendants alleging negligence, breach of contract, malicious prosecution, and intentional infliction of emotional distress. Following discovery, Judge Hanna granted defendants' motion for summary judgment dismissal of Zukowski's complaint.[4]

In a written statement of reasons attached to the order granting summary judgment, the judge determined that since Zukowski refused to execute a new service agreement, Sussex Rural had no obligation to provide electrical service to the property, and he therefore could not sustain a negligence claim that

---

[4] Zukowski consented to the dismissal of the intentional infliction of emotional distress claim.

defendants breached any alleged duty owed to Zukowski. For similar reasons, the judge found that Zukowski's breach of contract claim had no legal basis because his unwillingness to sign a new service agreement did not create a contract between the parties regarding electrical service. As to the false arrest and false imprisonment claim, the judge dismissed it, reasoning that Zukowski's arrest and imprisonment was not due to defendants' actions but it was his own doing; Zukowski did not appear for trial, and when the State Police sought to execute the resulting arrest warrant issued by the municipal court, he resisted arrest and tried to flee. And with respect to the malicious prosecution claim, applying our decision in Myrick v. Resorts International Casino & Hotel, 319 N.J. Super. 556, 563 (App. Div. 1999), the judge found it was without merit; finding that, despite the municipal court finding Zukowski not guilty of theft of services, theft of property, and criminal mischief, defendants had probable cause to file the complaint against him for these allegations, and, moreover, that Zukowski offered no proof of malice by defendants towards him to support such claim at trial.

Zukowski filed a motion to vacate the summary judgment order dismissing his complaint. On the order denying the motion, Judge Hanna wrote:

Assuming [Zukowski's] motion is timely as a motion for reconsideration of a final order, which must be made not later than 20 days [under Rule 4:49-2] after its receipt, [Zukowski] fails to show any legal error, overlooked facts or matter on new evidence. There is no basis for reconsideration, nor for relief under Rule 4:50-1. [Zukowski] also fails to raise any reason for disqualification or recusal under Rule 1:12-1, the Code of Judicial Conduct or [N.J.S.A.] 2A:15-49.[5]

Before us, Zukowski raises the following arguments:

[POINT I]

APPELLANT [WAS] DENIED HIS RIGHT TO A FAIR TRIAL BY JURY.

[POINT II]

NO PROBABLE CAUSE FOR [DEFENDANTS'] CLAIM[S] AGAINST THE APPELLANT.

[POINT III]

SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED.

[POINT IV]

APPELLANT [WAS] DENIED HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL.

When reviewing an order granting summary judgment, we apply "the same standard governing the trial court." Oyola v. Xing Lan Liu, 431 N.J. Super. 493, 497 (App. Div. 2013). A court should

---

[5]  Zukowski's motion claimed that Judge Hanna should have recused himself based upon his former position as President of the Board of Public Utilities (BPU). However, the BPU does not regulate Sussex Rural.

grant summary judgment when the record reveals "no genuine issue as to any material fact" and "the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citations omitted).

Guided by these standards, we are convinced that substantially for the reasons set forth in his statement of reasons, Judge Hanna properly granted summary judgment dismissal of Zukowski's complaint. Based upon the record — in which we glean no material factual disputes — there is no legal support for the arguments raised by Zukowski.[6] There is no doubt in our minds that Zukowski's failure to follow Sussex Rural's reasonable request to enter into a new service agreement to receive electrical service to the property, the removal of the disconnect seal on the electric meter, and his ill-fated decision to resist arrest when the State Police were executing a valid arrest warrant, created the situation that led the municipal court prosecutions against

---

[6] Although Zukowski's Notice of Appeal contends he is appealing the denial of his motion to vacate summary judgment, he fails to argue that the judge erred in not applying relief from the judgment under Rule 4:50-1, or for that matter, erred in not granting reconsideration under Rule 4:49-2. Accordingly, we address neither ruling. See Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 2:6-2 (2018); see also Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

him. Consequently, defendants' actions did not make them liable to Zukowski for any of the causes of actions set forth in his lawsuit against them.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION