**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4447-17T3

ABC BAIL BONDS, INC.,

     Plaintiff-Respondent,

v.

PAUL BETHEA, III,

     Defendant-Appellant,

and

CALVIN P. BROWN,
TAMMY R. GOODING
and ERROLL D. JOHNSON,

     Defendants.

_____

        Submitted March 19, 2019 – Decided April 22, 2019

        Before Judges Suter and Geiger.

        On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0997-15.

        Paul Bethea, III, appellant pro se.

Morgan Bornstein & Morgan, attorneys for respondent (Kristen M. Sinclair, on the brief).

PER CURIAM

Defendant Paul Bethea, III, appeals the order that denied reconsideration of his request to quash an information subpoena served on him by plaintiff ABC Bail Bonds, Inc. Because the arguments lack merit, we affirm the court's order.

In June 2009, defendant and three others[1] signed a promissory note and indemnity agreement for an appearance bond. Defendant agreed, "jointly and severally," to indemnify the surety in the event of a non-appearance by the defendant. A default occurred that we assume involved a lack of appearance under the bond. Plaintiff filed a collection action in the Law Division against defendant and the other three signatories of the note, seeking a judgment for $7030 plus contractual attorney's fees. Defendant's answer denied responsibility.

Plaintiff and defendant settled the case before trial. In their November 2015 "Stipulation of Settlement" (Stipulation), defendant admitted that money was due to plaintiff and agreed to pay plaintiff $7030 in installment payments of $100 per month. He agreed that if he defaulted, plaintiff could file a

---

[1] Defendants Calvin P. Brown, Tammy R. Gooding and Erroll D. Johnson have not appealed.

A-4447-17T3

certification with the court to obtain a judgment against him for $8787.50, consisting of $7030 plus a twenty-five percent contractual attorney's fee of $1757.50.

Plaintiff filed a certification of default in August 2016, which claimed defendant defaulted on his payment obligations under the Stipulation. Based on this unopposed certification, a judgment for $8287.50 was entered against defendant, in favor of plaintiff.

No activity occurred for the next eighteen months until January 2018 when plaintiff served defendant with an information subpoena that asked financial questions to begin collection on the judgment. Defendant quickly moved to quash the information subpoena. He argued the subpoena violated the Stipulation and Rule 4:24-1(c) by requesting discovery after the discovery end date of November 23, 2015.

Defendant's motion to quash was denied on February 2, 2018. In the court's Statement of Reasons, it found that because plaintiff obtained a valid judgment against defendant under the Stipulation, he could not quash the subpoena. Plaintiff was "entitled under our [c]ourt [r]ules to take post-judgment discovery in the form of the [i]nformation [s]ubpoena."

A-4447-17T3

Defendant requested reconsideration of the order under Rule 4:50-1, claiming mistake or other reasons justifying relief, and asked for a stay pending appeal. The court's May 3, 2018 order denied reconsideration. In its Statement of Reasons, the court found that paragraph four of the Stipulation authorized plaintiff to obtain a judgment against defendant if he defaulted, that defendant defaulted in his payment obligations, that a valid judgment was entered against him for $8287.50 and based on this, the court denied his motion to quash the information subpoena. The court found defendant did not provide any basis for reconsideration because Rule 4:24-1(c), cited by defendant, related to pre-judgment discovery. The court held that plaintiff "was and is entitled to take post-judgment discovery in the form of [i]nformation [s]ubpoenas."

Defendant appeals the May 3, 2018 order, arguing that it is arbitrary, capricious and unreasonable, and should be reversed because it lacks sufficient credible evidence in the record. He did not appeal the February 3, 2018 order. As such, that order is not before us on appeal. See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008) ("It is clear that it is only the orders designated in the notice of appeal that are subject to the appeal process and review."); see also Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 461-62 (App. Div. 2002) (reviewing only denial of the

plaintiff's motion for reconsideration and refusing to review the original grant of summary judgement because that order was not designated in the notice of appeal). Our review is still further limited because the appeal involves a reconsideration order. See State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015). Reconsideration is not appropriate merely because a litigant is dissatisfied with a decision. D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). Reconsideration is appropriate only where "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. Reconsideration may also be granted where "a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application." Ibid.

The court did not err in denying the requested reconsideration. Defendant presented nothing new for the trial court's reconsideration; he simply reargued his prior motion to quash the information subpoena. We agree with the trial court that this was not a basis for reconsideration.

The court's order was not palpably incorrect or irrationally based. There was a valid judgment against defendant, entered without his objection, based on

the 2015 Stipulation. The judgment was entered based on the procedures and in the amount set forth in the Stipulation. Under Rule 4:59-1(f), a "judgment creditor or successor in interest . . . may proceed as provided by [Rule] 6:7-2," to serve an information subpoena in aid of its execution upon a judgment. The information subpoena served was consistent with those procedures. The court rule cited by defendant, Rule 4:24-1(c), only applied to pre-trial proceedings, not post-judgment execution efforts by a creditor. Thus, defendant's arguments lacked merit and the court did not err in rejecting them.

We conclude that any further arguments made by defendant are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION