**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0756-22

BEAZER EAST, INC.,

    Plaintiff-Respondent,

v.

MORRIS KEARNY ASSOCIATES
URBAN RENEWAL, LLC,

    Defendant-Appellant.

_____

        Argued January 10, 2024 – Decided November 14, 2024

        Before Judges Vernoia, Gummer and Walcott-Henderson.

        On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. C-000056-22.

        Michael D. Lichtenstein argued the cause for appellant (Lowenstein Sandler, LLP, attorneys; Michael D. Lichtenstein and Allison K. Gabala, on the briefs).

        Danielle N. Bagwell argued the cause for respondent (Manko, Gold, Katcher & Fox, LLP, attorneys; John F. Gullace and Danielle N. Bagwell, on the briefs).

The opinion of the court was delivered by

VERNOIA, J.A.D.

This matter involves a dispute over access to a Kearny, New Jersey site at which plaintiff, Beazer East, Inc. (Beazer), is legally required to remediate contaminated groundwater pursuant to the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.1 to -23.24, and the Hazardous Discharge Site Remediation Act, N.J.S.A. 58:10B-1 to -31. Defendant Morris Kearny Associates Urban Renewal, LLC appeals from an order denying its motion for reconsideration of an order granting plaintiff access under the New Jersey Access Statute (the Access Statute), N.J.S.A. 58:10B-16, to a portion of the site now owned by defendant for the purpose of allowing plaintiff to install two groundwater-monitoring wells on defendant's property. Based on our review of the record, the parties' arguments, and the applicable legal principles, we reverse the order denying defendant's reconsideration motion, vacate the order granting plaintiff access to the site, and remand for further proceedings.

I.

In furtherance of its remediation obligations, at the direction of its Licensed Site Remediation Professional (LSRP), and in accordance with the Access Statute, plaintiff sought access to a portion of the remediation site owned

2

by defendant for the purpose of installing two groundwater-monitoring wells. Defendant denied plaintiff's request, claiming plaintiff's installation of the wells would interfere with defendant's contractual obligation to construct site improvements and warehouses on its property in furtherance of a commercial redevelopment project. Defendant advised plaintiff that to obtain the requested access plaintiff must either await defendant's completion of its construction-related work or indemnify defendant for all costs associated with any damage to the wells caused by defendant's construction at the site, including damage to the wells caused by defendant intentionally or recklessly.

After unsuccessful negotiations for a mutually-acceptable agreement allowing it access to the site, plaintiff filed a summary action seeking access to defendant's property under the Access Statute. The statute generally enables a party undertaking remediation to obtain a court order permitting "reasonable access" to a property if "after good faith efforts, the person undertaking the remediation and the property owner fail to reach an agreement concerning access[.]" N.J.S.A. 58:10B-16(a)(1). A court may grant access if it finds that "access to the property is reasonable and necessary to remediate contamination." N.J.S.A. 58:10B-16(b)(2). Plaintiff had requested access to the site to install

3

the wells based on its LSRP's determination that the wells were required to monitor groundwater as part of plaintiff's remediation obligations.

Following argument on plaintiff's order to show cause requesting access to the property, the court found defendant's redevelopment activities and plaintiff's remediation activities "can and should" be performed concurrently on the site without interference by either party to the actions of the other at the property. The court further determined the "blanket indemnification" defendant had requested as a condition of its consent to the access "would be void or voidable" and "[a]bsent an enforceable agreement, the parties [were] left to adhere to their mutual duties of care for the property and operations of one another." The court entered a July 22, 2022 order allowing plaintiff access to defendant's property to install the monitoring wells.

Defendant filed a motion for reconsideration of the access order. In part, defendant argued it was entitled to reconsideration because the circumstances had changed following the order's entry. More particularly, defendant argued it had been issued a zoning certificate authorizing its commencement of site improvements at the property and, as a result, it could provide a timeframe for its construction of the site improvements and thereby permit a delay in the installation of the wells until defendant's site improvements were completed.

4

The court rejected defendant's claim that plaintiff's installation of the monitoring wells at the same time defendant constructed the site improvements would be "technically impossible," finding plaintiff's LSRP had concluded otherwise. The court explained that it was "put off" by defendant's claims that allowing plaintiff's installation of the wells and defendant's construction on the site at the same time could not be done without "the high likelihood of causing damage or destruction to the groundwater wells" and that "removing so much earth and other material" during construction of the site improvements was "likely to disrupt the structural integrity of the well[s] causing irreparable damage." The court stated that if defendant was "prophylactically worried about the high likelihood of damaging the wells, then" it should not "do it." The court also explained it was not "willing to" delay plaintiff's installation of the wells while plaintiff awaited defendant's "site activities to be complete[d]."

The court entered a September 23, 2022 order denying defendant's reconsideration motion. We subsequently denied defendant's emergent motion for a stay of the access order. Defendant appealed from the September 23, 2022 order denying its reconsideration motion but did not appeal from the July 22, 2022 access order.

A-0756-22

In its merits brief on appeal, defendant raised an issue that had not been presented to the court in support of its reconsideration motion. Defendant argued the LSRP lacked the authority under the Site Remediation Reform Act, N.J.S.A. 58:10C-1 to -29, to require plaintiff's installation of the wells, claiming the LSRP could not require installation of wells without the prior approval of the New Jersey Department of Environmental Protection (NJDEP) because remediation of the site was under the NJDEP's direct supervision. Defendant further argued the LSRP had never obtained the requisite NJDEP approval and, therefore, the court's access order had been entered in error.

Subsequent to the filing of the parties' merits briefs and defendant's reply brief, defendant moved to supplement the record with a January 31, 2023 letter from the NJDEP directing in part that defendant install the monitoring wells on defendant's property. In support of the motion, defendant argued the letter established the LSRP did not have the authority to require the installation of the monitoring wells and, as a result, the court's access order, which was based on the LSRP's directive that the wells be installed, was entered in error.

Plaintiff opposed defendant's motion to supplement the record, arguing defendant had been aware of the information in the NJDEP letter while the matter was pending in the trial court, the letter did not permit or require a change

6

in the trial court's access order, the letter should not be considered because defendant had not challenged the LSRP's authority in its reconsideration motion, and the letter constituted irrelevant evidence. We granted defendant's motion to supplement the record with the NJDEP's January 31, 2023 letter, explaining that its relevancy would be determined by the merits panel in its consideration of the issues presented on appeal.

Plaintiff then moved to supplement the record with: a March 3, 2023 letter, including attachments, it had sent to the NJDEP detailing the scope of work it intended to perform at defendant's property to install the two monitoring wells pursuant to the NJDEP's directive; and a December 7, 2023 email from a deputy attorney general confirming that on August 18, 2023, the NJDEP had approved plaintiff's installation of the monitoring wells on defendant's property and authorized plaintiff to proceed with the "approved scope of work."

Plaintiff also requested that we dismiss defendant's appeal as moot, claiming the NJDEP had ordered the installation of the wells and, therefore, the court's reliance on the LSRP's requirement that the wells be installed as the basis for the access order, even if in error, was of no consequence. Stated, differently, plaintiff argued the case should be dismissed as moot because the NJDEP had separately directed the installation of the wells and therefore access to

7

defendant's property pursuant to the access order—about which the court had denied defendant's reconsideration motion—was no longer an issue in dispute.

Defendant did not oppose plaintiff's motion to supplement the record. Rather it consented to the requested relief, arguing plaintiff's March 3, 2023 letter to the NJDEP confirmed that plaintiff's LSRP had lacked the authority to direct the installation of the wells and that plaintiff had misrepresented to the court the LSRP's authority when it requested the access order in the first instance. Defendant further argued that, for those reasons, the issues presented on appeal were not moot because the court had erred in granting an access order that continued in full force and effect.

Defendant also filed a cross-motion to supplement the record with additional correspondence and documents post-dating the court's orders granting access and denying defendant's reconsideration motion. Defendant argued the correspondence and documents further established the remediation of the site had been under the NJDEP's direct supervision since 2014 and, as a result, plaintiff's LSRP had lacked the authority to direct the installation of the monitoring wells such that the court had erred by granting the access order and denying defendant's reconsideration motion. Plaintiff did not oppose defendant's cross-motion to supplement the record.

We granted the parties' motions to supplement the record. We denied plaintiff's motion to dismiss the appeal as moot.

In support of its appeal from the court's order denying the reconsideration motion, defendant offers the following arguments:

POINT I

THE CHANCERY COURT INCORRECTLY DETERMINED THAT [PLAINTIFF'S] LSRP HAD AUTHORITY TO REQUIRE [PLAINTIFF] TO INSTALL THE PROPOSED WELLS.

POINT II

THE CHANCERY COURT'S FINDING THAT IT IS POSSIBLE FOR [DEFENDANT] TO CONDUCT ITS REQUIRED SITE IMPROVEMENT ACTIVITIES CONCURRENT WITH [PLAINTIFF'S] INSTALLATION OF THE TWO PROPOSED DEEP GROUNDWATER MONITORING WELLS IS UNSUPPORTED BY CREDIBLE EVIDENCE.

POINT III

THE CHANCERY COURT ABUSED ITS DISCRETION IN DENYING [DEFENDANT'S] MOTION FOR RECONSIDERATION AND GRANTING THE ORDERS DIRECTING [DEFENDANT] TO PERMIT [PLAINTIFF] TO INSTALL TWO DEEP GROUNDWATER MONITORING WELLS AT THE SITE.

A. The Chancery Court Abused Its Discretion By Making Factual Findings That Are Not Supported by Clear and Convincing Evidence

9

and By Arbitrarily Ignoring Evidence In The Record.

B. The Chancery Court Erred by Failing to Provide The Parties With the Guidance Necessary to Carry Out Its Order.

C. By Foisting Unnecessary Burdens on Defendant and Failing to Exercise Its Equitable Jurisdiction, The Chancery Court Has Issued A Fatally Flawed Order.

## II.

Defendant's appeal is limited to its challenge to the court's September 23, 2022 order denying its reconsideration motion. It did not appeal from the July 22, 2022 order granting access to defendant's property. It is well established that "it is only the orders designated in the notice of appeal that are subject to the appeal process and review." W.H. Indust., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008). Where, as here, an appellant does not designate an order in its notice of appeal as one from which an appeal is taken, that order "and the issues related thereto, are not properly before this court on appeal" and will not be considered. Peterson v. Meggitt, 407 N.J. Super. 63, 68 n.2 (App. Div. 2009); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5.1 on R. 2:5-1(f) (2025) ("Courts have concluded that only the judgments,

10

orders or parts thereof designated in the notice of appeal are subject to the appellate process and review.").

"[W]e review a trial court's decision on a motion for reconsideration under an abuse of discretion standard." In re Est. of Jones, 477 N.J. Super. 203, 216 (App. Div. 2023). A court abuses its discretion when its "'decision [is] made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis.'" United States v. Scurry, 193 N.J. 492, 504 (2008) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). "[A] trial court's legal conclusions are reviewed de novo." State v. Erazo, 254 N.J. 277, 297 (2023).

A motion for reconsideration is appropriate in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence . . . ." Triffin v. SHS Grp., LLC, 466 N.J. Super. 460, 466 (App. Div. 2021) (alterations in original) (quoting Cummings v. Bahr,

11

295 N.J. Super. 374, 384 (App. Div. 1996)). Additionally, where "a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application, the [c]ourt should, in the interest of justice (and in the exercise of sound discretion), consider the new evidence." (quoting Cummings, 295 N.J. Super. at 384).

In its challenge to the order denying its reconsideration motion, defendant argues the court first erred by finding plaintiff's LSRP had the authority to require that plaintiff install the monitoring wells as part of plaintiff's remediation obligations and then compounded its error by relying on the LSRP's imposition of the requirement as the basis for its finding the requested access was "reasonable and necessary" under the Access Statute. Defendant did not make that argument to the trial court in support of the reconsideration motion, and plaintiff argues we therefore should not address the argument on appeal.

"Appellate review is not limitless. The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves." State v. Robinson, 200 N.J. 1, 19 (2009). We generally do not consider arguments presented for the first time on appeal unless they "go to the jurisdiction of the trial court or concern matters

12

of great public interest." Id. at 20 (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).  We find no such circumstances here.

Defendant contends we should excuse its failure to make the argument in support of its reconsideration motion that the LSRP lacked the authority to require the installation of the monitoring wells because the remediation site was under the NJDEP's direct supervision.  Defendant claims its argument the LSRP lacked the requisite authority is based on correspondence and other documents—which are included in the record on appeal as supplemented pursuant to the parties' motions—that constitute new evidence because they post-date the court's orders granting access and denying defendant's reconsideration motion.

Plaintiff cites to conflicting evidence in the record as support for its claim the remediation site was not under the NJDEP's direct supervision when the LSRP required that plaintiff install the monitoring wells and that defendant's claims to the contrary are therefore not supported by the evidence. Plaintiff further argues that defendant was aware of the NJDEP's limited role—which plaintiff contends did not include direct supervision over the site—when it made its motions for access and for reconsideration and that defendant had waived the argument the LSRP lacked the authority to require installation of the wells by failing to make the argument in support of its reconsideration argument.

A-0756-22

We need not enter the fray over the LSRP's authority to require installation of the wells because the record presented, even as supplemented, is insufficient to permit a proper resolution of the competing factual contentions; each party points to conflicting evidence concerning the nature to the NJDEP's involvement—and whether it included direct supervision—over the remediation at the site when the LSRP had directed installation of the wells.

Moreover, defendant's claim the order denying the reconsideration motion should be vacated based on newly-discovered evidence should have been asserted in a motion for relief under Rule 4:50-1, but defendant never moved before this court for a temporary remand to the trial court for the filing and disposition of a motion for relief under that Rule. See Hodgson v. Applegate, 31 N.J. 29, 42 (1959) (explaining the "correct course" for seeking relief from a judgment based on newly discovered evidence following the filing on an appeal is to move before the appellate court for "a partial remand to the trial court for determination of the motion"). And, based on the record presented, we will not otherwise exercise original jurisdiction to decide on appeal what is tantamount to a motion for relief under Rule 4:50-1. See Rivera v. Union Cnty. Prosecutor's Off., 250 N.J. 124, 146 (2022) (explaining the exercise of original jurisdiction under Rule 2:10-5 "should be invoked 'sparingly,' and is generally used when

the record is adequately developed and no further fact-finding is needed" (citations omitted)).

Nonetheless, we have determined the court abused its discretion by denying defendant's reconsideration motion because, as defendant had correctly argued in support of the motion, the court had erred in its issuance of the access order by deciding a material factual dispute without conducting an evidentiary hearing. More particularly, the court's access order was based in part on the court's finding that "[t]o the extent practicable, the extent of the wells can and should occur alongside the continued development of the site and without interference with same." That determination, however, was based on findings of fact and a credibility determination made by the court based on its review of conflicting affidavits.

In support of its motion for reconsideration, defendant argued that in making the determination plaintiff's installation of the monitoring wells and defendant's construction at the site could take place simultaneously, and granting plaintiff access on that basis, the court had erred by ignoring that the evidence presented established there was a factual dispute over whether plaintiff could properly install the monitoring wells at the same time defendant

15

constructed the site improvements and by deciding the issue without an evidentiary hearing.

In support of its order to show cause seeking the access order, plaintiff had submitted an affidavit from its LSRP explaining that defendant could engage in its redevelopment of the property without damaging the wells by exercising customary care. The LSRP noted he had "experience at multiple construction and redevelopment sites undergoing simultaneous remediation" and stated the wells he had required that plaintiff install "should not be at material risk of damage during [defendant's] construction."

In opposition to the order to show cause, defendant submitted a conflicting affidavit from the vice president of a "consulting, engineering, and construction management firm," stating the wells could not be installed prior to defendant's construction at the redevelopment site because necessary "massive earth-moving" activities would render it impossible to protect the wells from damage. For example, the vice-president explained that excavation on defendant's property would create "craters that extend [ten] to [twenty] feet below current grade" and reduce "surface elevation by several feet, perhaps more than [ten] vertical feet" such that the monitoring wells would be damaged, undermined, buried, compromised, or destroyed. The affidavit also described other

16

construction- and excavation-related actions that defendant would undertake on its property that would damage the monitoring wells.

Defendant argued in support of the reconsideration motion that the court had erroneously disregarded the vice-president's affidavit in making its determination plaintiff's installation of the wells could occur simultaneous with defendant's construction and excavation on the property. Addressing that argument, the court stated it had not disregarded the affidavits and that it had relied "more strongly on the opinion of the LSRP that in his experience the[] activities can co-exist and that it can at this site." Stated differently, the court accepted the LSRP's version of the facts and opinion and rejected the opinion and facts offered in the affidavit submitted by defendant in support of its opposition to plaintiff's access request.

It is well-established that "[a] court, when presented with conflicting factual averments material to issues before it, ordinarily may not resolve those issues without a plenary hearing." J.G. v. J.H., 457 N.J. Super. 365, 372 (App. Div. 2019) (quoting K.A.F. v. D.L.M., 437 N.J. Super. 123, 137 (App. Div. 2014)). Similarly, "a court may not make credibility determinations or resolve genuine factual issues based on conflicting affidavits." Ibid. (quoting K.A.F., 437 N.J. Super. at 137-38).

17

The motion court erred by granting the access order based on a finding that defendant's construction and excavation at the site could occur at the same time as the installation of the wells. The competing affidavits presented conflicting facts and opinions concerning the feasibility of such an arrangement and the court opted to accept plaintiff's LSRP's opinion and version of the facts over those offered in the affidavit submitted by defendant in opposition to plaintiff's access request. When defendant argued in support of its reconsideration motion that the court had erred by ignoring the facts and opinion in its witness's affidavit, the court rejected the argument but effectively confirmed its error—explaining it had accepted and relied on the LSRP's facts and opinion as a basis the access order.

The court therefore abused its discretion in denying defendant's reconsideration motion because defendant had demonstrated the court granted access on a "palpably incorrect or irrational basis," Triffin, 466 N.J. Super. at 466, (quoting Cummings, 295 N.J. Super. at 384) by making a credibility determination and findings of fact based on conflicting affidavits and without a plenary hearing, see J.G., 457 N.J. Super. at 372. We therefore reverse the court's September 23, 2022 order denying defendant's reconsideration motion,

vacate the court's July 22, 2022 access order, and remand for a plenary hearing on plaintiff's access request.

We recognize the circumstances may have changed since the entry of the July 22, 2022 access order, and we offer no opinion as to whether such an order is required at present based on what the parties have represented is the NJDEP's directive requiring access. Nor do we offer any opinion on the merits of the plaintiff's access request, defendant's defenses to the request, or any other issues related to the merits of the request as set forth in plaintiff's complaint.

The court shall conduct such proceedings as it deems appropriate to consider and decide the claims made in plaintiff's complaint seeking access and defendant's defenses to the complaint based on the record presented by the parties on remand. The remand court shall allow such amendments to the pleadings as may be appropriate based on any changed circumstances or as otherwise permitted under the rules, and it shall permit the parties to engage in discovery as appropriate and necessary to resolve the claims and defenses asserted.

Because we have vacated the July 22, 2013 access order and remand for consideration anew of plaintiff's request for access as alleged in the complaint

A-0756-22

based on the record presented to the remand court, we find it unnecessary to address the parties' remaining arguments presented on appeal.

Reversed in part, vacated in part, and remanded for further proceedings in accordance with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0756-22