**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2704-24

JUSTO VILLANTES,

    Plaintiff-Appellant,

v.

STEPHANIE MCPHILLIPS,
and COOK MEDICAL, LLC,

    Defendants-Respondents,

and

NEW JERSEY PROPERTY
LIABILITY INSURANCE
GUARANTY ASSOCIATION
and SENTRY INSURANCE,

    Defendants.

_____

Submitted April 27, 2026 – Decided May 13, 2026

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0452-23.

Ginarte Gonzalez & Winograd, LLP, attorneys for appellant (Thomas MacInnis, on the briefs).

Gfeller Laurie LLP, attorneys for respondents (Chimdi G. Tuffs and Madison E. Calkins, of counsel and on the brief).

PER CURIAM

Plaintiff Justo Villantes appeals from the denial of his reconsideration motion from an order granting summary judgment in favor of defendants Stephanie McPhillips[1] and Cook Medical, LLC, ("Cook Medical"). Plaintiff also appeals from an order entered during the discovery phase of this matter denying his motion to compel discovery. Having considered the arguments in light of the record and applicable legal principles, we affirm.

I.

This action arises from a 2021 motor vehicle accident in Hoboken. Plaintiff, while operating an electric bicycle, collided with defendant's vehicle while she was executing a right hand turn from the right lane. Defendant was driving in her capacity as an employee of Cook Medical, which owned the vehicle.

---

[1] We refer to Stephanie McPhillips as defendant in this opinion as only vicarious liability was alleged against defendant Cook Medical, LLC, which owned the vehicle.

Plaintiff instituted a complaint against defendant in February 2023, alleging negligence. Following joinder, discovery was contentious, with defendants producing responses to discovery including Close Caption Television ("CCTV") footage of the accident. In February 2024, defendants moved to extend discovery, to compel more specific answers to interrogatories and for leave to serve additional supplemental interrogatories. Plaintiff cross moved to compel discovery alleging certain materials were wrongfully withheld by defendants, claiming confidentiality. On March 15, 2024 the court granted defendants' motion and extended the discovery end date ("DED") one hundred and twenty (120) days to July 21, 2024. The order also compelled plaintiff to provide more specific discovery responses and further granted defendants leave to serve additional supplemental interrogatories. The court denied plaintiff's cross motion to compel discovery.

Approximately two weeks later, plaintiff moved for reconsideration of the order denying his cross motion to compel discovery. On April 26, 2024, the court denied plaintiff's motion for reconsideration without oral argument. On July 2, 2024, defendants moved to extend the DED for an additional one hundred twenty (120) days, claiming plaintiff had not provided all of the written discovery requested, the parties depositions had not occurred, expert reports had

A-2704-24

not been prepared or exchanged, and expert depositions were necessary. The court denied the motion. On October 15, 2024, we granted defendant's motion for leave to appeal and subsequently reversed the trial court's order and extended the DED by 120 days. Villantes v. McPhillips, No. A-0456-24 (App. Div. Apr. 15, 2025) (slip op. at 17-18). While defendant's motion was pending before us, discovery concluded on July 21, 2024.

Between the time we granted leave to appeal and the release of our opinion on April 15, 2025, defendants had moved for summary judgment on liability, arguing defendant was not negligent in the operation of her vehicle and plaintiff could not prove negligence as a matter of law. Despite the pendency of the appeal before us when defendants moved for summary judgment, plaintiff failed to raise the pending appeal to the trial court nor requested to stay the case. Thereafter, in January 2025, the trial court granted summary judgment to defendants, dismissing all claims against them. Plaintiff's motion for reconsideration was later denied.

On appeal, plaintiff raises the following points for our consideration: (1) the trial court erred as genuine issues of material fact existed precluding summary judgment; (2) the trial court misconstrued N.J.S.A. 39:4-14.2 as applied to the facts; (3) the trial court improperly relied on certain facts based

A-2704-24

on personal knowledge, which were not subject to judicial notice; (4) the trial court erred by limiting its review to the video footage and defendant's affidavit; (5) the trial court's denial of plaintiff's cross-motion to compel discovery was an abuse of discretion; and (6) the trial court's failure to vacate its summary judgment order after we granted defendants' interlocutory appeal and reversed its prior discovery order was an abuse of discretion.

## II.

At the outset, we point out that defendant's notice of appeal only identified the order denying his motion for reconsideration. If the notice of appeal "designates only the order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that may be reviewed." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(f)(1) (2024). However, under the circumstances, we shall address the merits of the underlying motion since defendant did not raise this procedural point and both parties addressed the underlying summary judgment order in their merits briefs. See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008).

Our review of a trial court's summary judgment decision is de novo. DeSimone v. Springpoint Senior Living, Inc., 256 N.J. 172, 180 (2024).

A-2704-24

"Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

"An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)); R. 4:46-2(c).

A plaintiff must establish four elements to prevail on a claim of negligence: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages. Townsend v. Pierre, 221 N.J. 36, 51 (2015); Davis v. Brickman Landscaping Ltd., 219 N.J. 395, 406 (2014). A plaintiff's failure to prove all four elements results in judgment for defendant as a matter of law. Ibid.

As to the discovery rulings implicated here, those rulings are "entitled to substantial deference," and we review for an abuse of discretion. DiFiore v.

6

Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Stein, 225 N.J. 582, 593 (2016)). We "generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion, or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80, (App. Div. 2005) (citing Payton v. N.J. Tpk. Auth., 148 N.J. 524, 559 (1997)).

Plaintiff first contends that the record exhibited there were genuine issues of material fact concerning defendant's liability that precluded summary judgment. Plaintiff asserts the trial court erred by relying on the video evidence and affidavit of defendant to support its determination that plaintiff was operating his bicycle in the shoulder lane, outside the area intended for vehicular travel. The trial court relied on N.J.S.A. 39:4-14.2 to support this finding, which requires bicyclists to ride "as near to the right side of the roadway as practicable," determining the statute does not permit operation of a bicycle in the shoulder that is not designated as a bicycle lane.

As found by the Supreme Court in Polzo v. County of Essex and cited by the trial court:

> A bicycle rider on a roadway is vested with all the "rights" and "duties applicable to the driver of a vehicle" under Title 39, chapter four of our Motor Vehicle Code. N.J.S.A. 39:4-14.1. Under the Motor

7

Vehicle Code, "[e]very person operating a bicycle upon a roadway [is required to] ride as near to the right side of the roadway as practicable." N.J.S.A. 39:4-14.2. Bicyclists do not have special privileges on a roadway's shoulder. Indeed, a bicycle rider is directed to ride on the furthest right-hand side of the roadway, not on the roadway's shoulder. The Motor Vehicle Code does not designate the roadway's shoulder as a bicycle lane.

[209 N.J. 51, 71 (2012).]

The CCTV video footage in the summary judgment record clearly shows plaintiff riding in the shoulder, wearing headphones, and striking the rear passenger side fender of defendant's vehicle as she executed a legal right turn. Plaintiff contends summary judgment was inappropriate as defendant had a duty to make observations for vehicles that are "in or may come into the motorist's path of travel." The trial court found that plaintiff was not in defendant's line of sight, and the evidence did not exhibit any genuine issue existed to substantiate defendant breached her duty to make reasonable observations under the existing factual circumstances.

Based on our de novo review of the record, we concur with the trial court that the operation of a bicycle by plaintiff in the shoulder portion of the roadway was in violation of the above referenced section of the Motor Vehicle Code, and no issue of material fact existed as to whether defendant breached any duty of

8

care prior to making a legal right hand turn. We are not persuaded by plaintiff's contention that a driver executing a right hand turn from the right lane has a duty to make observations for possible vehicles behind it in the right shoulder. We conclude this contention lacks merit and fails to create any genuine issue of material fact under the factual circumstances herein.

Concerning the grant of summary judgment to defendant's employer Cook Medical, LLC, we recognize "[a]n employer can be found [vicariously] liable for the negligence of an employee causing injuries to third parties, if, at the time of the occurrence, the employee was acting within the scope of his or her employment." Carter v. Reynolds, 175 N.J. 402, 408-09 (2003). Because we have concluded the trial court was correct in finding defendant was not negligent, it follows that her employer, co-defendant Cook Medical, cannot be held vicariously liable.

We now turn to plaintiff's assertion that the trial court committed error when it "improperly relied on personal knowledge" of the accident location and facts not subject to judicial notice. We conclude this argument lacks sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only that the record reflects the court's findings were properly based on the video evidence and affidavit of defendant in the summary judgment record,

9

not extraneous personal knowledge of the location of the accident. The trial court clearly did not utilize its own personal knowledge of the area in making its substantive findings.

We further conclude plaintiff's argument that the trial court erred by limiting its consideration to the video and affidavit lacks merit. Initially, we conclude the affidavit of defendant is clearly admissible under Rule 4:46-2(c) and Rule 1:6-6. Plaintiff did not dispute the reliability or accuracy of the CCTV footage and therefore, the video evidence from the municipal CCTV was properly considered. Also, the record clearly shows plaintiff had an opportunity to produce evidence during discovery to rebut the video evidence but failed to do so.

We next address plaintiff's contention of procedural error arguing the trial court abused its discretion in denying his cross-motion to compel discovery and through its failure to reopen discovery in response to our remand order. The record exhibits that plaintiff served supplemental requests for production of documents during the discovery phase. In response, defendants produced a privilege log and proposed confidentiality order in support of their proposed redactions consisting of personal identifiers, dates of birth and home addresses. The record exhibits that, although plaintiff's counsel objected to the

confidentiality order, he did not provide a basis supporting his position that (1) the requested confidentiality order and proposed redactions were probative or material to the trial court's summary judgment analysis, or (2) how the redacted information would have created genuine issues of material fact supporting preclusion of summary judgment to defendants. Because plaintiff failed to provide this analysis or the reasons this process was prejudicial to its opposition to the summary judgment motion, we conclude the trial court did not abuse its discretion in finding the information sought by plaintiff in its supplemental document request was not sufficiently material to support its contention of trial court error in denying his cross-motion.

We now turn to plaintiff's contention that the trial court erred by its failure to vacate the summary judgment order based on our prior remand. We are unpersuaded. Our remand determination extended discovery 120 days and instructed the trial court to set specific dates for: (1) plaintiff to produce any outstanding discovery; (2) depositions of fact witnesses; (3) production of expert reports; and (4) depositions of experts, if necessary. The remand granted defendants, not plaintiff, the right to further discovery. Defendants never exercised the DED extension granted on remand because the trial court had previously granted summary judgment to them on liability in the interim.

A-2704-24

Plaintiff's May 29, 2025 letter to the trial court requesting a case management conference was six weeks after our remand determination and approximately four months after the entry of the summary judgment order in defendants favor. Plaintiff has failed to provide any reasons for his failure to raise this issue at the time defendants moved for summary judgment, how the trial court's failure to recognize the remand was prejudicial to him or how the DED extension granted by the remand would have provided sufficient evidence to preclude the grant of summary judgment to defendant. Without this information, this contention lacks merit.

Finally, we address the trial court's denial of plaintiff's motion for reconsideration and conclude because we have determined the trial court did not err in its underlying order granting summary judgment to defendants, plaintiff's contention that the trial court erred in denying reconsideration fails.

To the extent we have not addressed any of plaintiff's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2704-24